FIRESTONE TIRE & RUBBER CO. v. VEHICLE EQUIPMENT CO.

(Circuit Court, E. D. New York. August 6, 1907.)

COURTS—JURISDICTION OF FEDERAL COURT—DISTRICT OF SUIT AGAINST CORPORATION.

> Where a state contains more than one federal judicial district, a corporation of the state, for the purpose of bringing suit or being sued in a federal court, is, at least prima facie, a resident and inhabitant of the district in which it has its principal office, as designated in its certificate or articles of incorporation in accordance with the requirement of the state law.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 814.
>
> Jurisdiction over corporations, see note to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174.]

On Motion to Set Aside Service of Summons and Complaint.

McElheny & Bennett, for plaintiff.

Griggs, Baldwin & Pierce, for defendant.

CHATFIELD, District Judge. The Vehicle Equipment Company is a corporation organized under the laws of the state of New York, and its original certificate of incorporation fixes Waverly, in the county of Tioga, and state of New York, as the location of its principal office. On the 27th day of March, 1906, a petition in bankruptcy was filed

against the defendant in the Eastern district of New York, in which district the Vehicle Equipment Company had its manufacturing plant and what might be called its office for the transaction of general business. The petition in bankruptcy recited that the defendant had, for the greater portion of six months next preceding the date of filing of the petition, its principal place of business in the borough of Queens, city of New York, and state of New York, and was engaged in the manufacture and sale of electric automobiles and vehicles. The alleged bankrupt, upon the 6th day of April, 1906, filed a consent that the company be adjudicated a bankrupt, which consent was in the form of a resolution, which authorized the counsel of the company to admit the allegations of the petition and consent to an immediate adjudication in bankruptcy. Subsequently the property of the bankrupt was sold, and in the petition drawn in behalf of the receiver for approval of the sale a recital was made that the Vehicle Equipment Company was a business corporation, located and having its principal business office in the borough of Queens, city of New York, etc. An offer of composition was prepared, and a petition presented to the court, which contained the same recitals as in the petition for sale.

The plaintiff in this action is a corporation organized under the laws of the state of West Virginia, and a resident and citizen of that state. Under these circumstances it was possible to serve the defendant in either the Northern district of New York, where it has an office at the village of Waverly, or in the Eastern district of New York, where the bankruptcy proceedings were pending. The plaintiff started this action, and obtained the issuance of a summons, in the United States Circuit Court for this (the Eastern) district, upon the 25th day of April, 1907. At that time the property of the defendant was in the hands of the trustee in this district. Subsequent to the service of the process in this action, the property in the hands of the trustee, upon the confirmation of the composition, was returned to the bankrupt corporation, and there is nothing in the papers to show whether the corporation is at present doing business or where it is located.

The present action is one for the recovery of money for goods sold and delivered and services rendered, and the only ground of jurisdiction in the United States Circuit Court would seem to be diversity of citizenship. For the purposes of a bankruptcy proceeding the Eastern district of New York was apparently a proper district in which to file a petition in bankruptcy. The provisions of the statute give jurisdiction to the District Courts of the United States to "adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their (the courts') respective territorial jurisdictions for the preceding six months, or the greater portion thereof." The judiciary acts of 1887 and 1888 provide that "no civil suit shall be brought * * * against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," except that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or defendant." Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508].

It was held in the cases of Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, and Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942, that a corporation incorporated in but one state of the United States cannot be compelled to answer in another state, where it has its usual place of business, if the sole ground of jurisdiction be diversity of citizenship. In the case of Galveston, Harrisburg & San Antonio Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, the Supreme Court of the United States considers at length the meaning of the word "inhabitant," as set forth in the law of 1888 and in section 740 of the Revised Statutes [U. S. Comp. St. 1901, p. 587]:

"When a state contains more than one district, every suit not of a local nature, in the Circuit or District Courts thereof, against a single defendant, inhabitant of such state, must be brought in the district where he resides."

The court quotes from the opinion of Judge Story in the case of Picquet v. Swan, 5 Mason, 35, Fed. Cas. No. 11,134, and also from the case of Shaw v. Quincy Mining Co., supra, to the effect that the word "inhabitant" is equivalent to the word "citizen," and is used to avoid the incongruity of speaking of citizens of anything less than a state, when the word "inhabitant" would apply to a citizen of any district in a state which was divided into more than one district. At page 504 of 151 U. S., page 404 of 14 Sup. Ct. (38 L. Ed. 248), the court says:

"In the case of a corporation the question of inhabitancy must be determined, not by the residence of any particular officer, but by the principal offices of the corporation, where its books are kept and its corporate business is transacted, even though it may transact its most important business in another place."

And again:

"If the corporation be created by the laws of a state in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business; as distinguished from its local business, is done."

In this case the decision was by a divided court, but in the dissenting opinion it is also stated that, as between citizens of different states, the statutes of the state giving the corporation a residence for its principal office control the jurisdiction for the purpose of bringing suit. The case at bar is extreme, in the sense that the office maintained by the defendant corporation at Waverly, N. Y., was purely for organization and residence purposes. Personal taxes were paid by the corporation at Waverly; but no business, in the ordinary sense of the term, was transacted there. Nothing is offered to show that the office at Waverly has ever been given up, and, on the contrary, the opposing affidavits state that the corporation has no general office, other than its principal business office, designated to be located at Waverly, Tioga county, in the Northern district of New York.

The plaintiff contends that such designation is conclusive only as against the corporation and not in its favor, that the corporation can abandon the place designated and locate its actual existence elsewhere, and that the averments in the bankruptcy papers estop it from deny-

ing that it has done so. But it is needless to consider or determine that question here. The corporation claims that it is a resident, for the purposes of litigation, of the Northern district of New York, and until it is proven to the contrary, or until the corporation attempts to deny the jurisdiction of the United States courts in the Northern district of New York, where by statute it is located, it is considered that the Northern district is the district in which this suit should have been instituted.

The motion, therefore, to set aside the service of summons and complaint, must be granted.