STRYKER DEFLECTOR CO., Inc., v. PERRIN MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit. February 13, 1919.)

No. 146.

1. PATENTS ⟨⇒⟩288—JURISDICTION—PATENT INFRINGEMENT—AGENCY.

Evidence *held* insufficient to show that a jobber handling defendant's article, which it was claimed infringed plaintiff's patent, was the defendant's agent within Judicial Code, § 48 (Comp. St. § 1030), authorizing service upon the infringer's agent in certain cases.

2. PATENTS ⟨⇒⟩288—INFRINGEMENT—JURISDICTION.

If jobbers forwarded orders to their principal in another state and the goods were shipped direct by the principal, the sale is consummated outside the state, and there is no patent infringement within the district under Judicial Code, § 48 (Comp. St. § 1030), conferring jurisdiction in districts where the infringement is committed.

3. COURTS ⟨⇒⟩276—JURISDICTION—WAIVING OBJECTION.

Where a preliminary motion raising the question of jurisdiction was denied, an answer, specifically reserving the objections previously made to the court's jurisdiction, does not waive the objection to the venue.

4. PATENTS ⟨⇒⟩328—VALIDITY—INFRINGEMENT.

Stryker patent, No. 1,148,128, claims 1 and 2, for incandescent electric light deflectors, *held* valid and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Stryker Deflector Company, Incorporated, against the Perrin Manufacturing Company, Nelson J. Quinn, E. L. Allen, and Asch & Co., Incorporated. Decree reversed, and complaint dismissed as to the first three named defendants, and affirmed as to Asch & Co., Incorporated.

This appeal comes here from a decree of the District Court for the Southern District of New York sustaining patent No. 1,148,128, for a deflector for electric lamps; patent granted July 27, 1915. Appellee is the assignor of the patent. It is designed for use in automobile headlights. Below, there was a decree for appellee sustaining the validity of the patent, finding infringement, and the decree provided for an injunction and an accounting. Defendants appeal.

Goldsmith & Fraenkel, of New York City (Lucius E. Varney, of New York City, of counsel), for appellants.

Martin B. Cohn, of New York City (Thomas E. Boyd, of Buffalo, N. Y., of counsel), for appellee.

---

⟨⇒⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

MANTON, Circuit Judge. At the hearing, the appellants appeared and sought an adjournment, which was refused. The appellants thus defaulted, and the trial proceeded. Appellee put in its proof, and a decree was entered, from which this appeal is taken. At the outset, the appellants challenge the jurisdiction of the District Court for the Southern District of New York as to the appellants Perrin Manufacturing Company, Nelson J. Quinn, and E. L. Allen. Quinn and Allen traded as a copartnership under the name of Perrin Manufacturing Company. The former resides in Ohio and the latter in Michigan. Section 48 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1100 [Comp. St. § 1030]), re-enacting the act of March 3, 1897, c. 395, 29 Stat. 695, provides:

"In suits brought for the infringement of letters patent" in the District Courts of the United States, "the District Courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

[1, 2] It is asserted that neither Quinn nor Allen fall within the provisions of the above section of the Judicial Code. Service was made upon the appellants named by serving P. M. Asch, secretary of Asch & Co., Incorporated, at No. 16 West Sixty-First Street in New York City. The marshal's return to the subpœna shows that the service was made upon Asch as representative for the said appellants. The act of infringement in the Southern district consists of a sale by Asch & Co., Incorporated, at its place of business No. 16 West Sixty-First street. Unless Asch or Asch & Co., Incorporated, is in fact and in law the agent of the copartnership, the District Court had no jurisdiction Westinghouse Electric Co. v. Stanley Electric Co. [C. C.] 116 Fed. 641. It appears, when Mr. Boyd entered the office of Asch & Co., Incorporated, and purchased the device which is said to infringe the Stryker patent, he asked the clerk in charge if Asch & Co., Incorporated, were the New York representatives of the Perrin Manufacturing Company of Detroit, Mich., and the man in charge stated that they were. Apart from this, there is the correspondence in the record between it and Taylor & Co. of Buffalo. There were three letters signed by Asch & Co., Incorporated, and a fourth by the Perrin Manufacturing Company, the latter dated at Detroit on a letter head indicating a New York address, as well as one in San Francisco, Dallas, and Toronto. The New York address appears to be the former address of Asch & Co., Incorporated, but the most these letters suggest was that Taylor & Co. were handling headlights of the Perrin Manufacturing Company, which were purchased through Asch & Co., and dealt with a question

of freight allowance. They also contained an assurance that the Perrin Manufacturing Company would protect Asch & Co., Incorporated and their customers on the sales of the Perrin "No-Glare"; in other words, that the Perrin Manufacturing Company was standing behind Asch & Co., Incorporated, the jobber, in handling the Perrin "No-Glare."

We do not think that this circumstance of the manufacturer protecting the jobber or a prospective customer can by any stretch create a presumption that the manufacturer and jobber are one and the same person or firm. While the record contains only the appellee's proof, and we must examine this question in light of the record, we believe that the proofs indicate that Asch & Co., Incorporated, was not the agent of the Perrin Manufacturing Company. Asch & Co., Incorporated's, letter heads indicate no relation of agency for the Perrin Manufacturing Company, nor was there any indication by sign on the office door or otherwise, at the place where Mr. Boyd made his purchase. Therefore the testimony as to agency depends upon the information furnished by the clerk in charge of Asch & Co., Incorporated, at the time of the purchase. The language of the clerk is not inconsistent with a relationship of that of manufacturer and jobber handling the product of the Perrin Manufacturing Company. The guaranty to protect against charges of infringement contained in the correspondence is consistent with the relationship of principal and agent. The burden of proof was upon the appellee before it was entitled to a decree as against these appellants to establish the necessary jurisdictional facts. We are not satisfied it has proven that the act of the single sale of Asch & Co., Incorporated, of the Perrin "No-Glare" shade is sufficient to confer jurisdiction of the District Court as against Quinn and Allen. Indeed, if Asch & Co., Incorporated, were the representatives of the Perrin Manufacturing Company in New York, it may only have meant that they solicited orders and forwarded them to its principal at its home office in another state, and that the goods were shipped direct by the principal. Thus the sale would have been consummated in another jurisdiction, and it would not constitute an infringement of patent within the district so as to confer jurisdiction. Tyler Co. v. Ludlow-Saylor Co., 236 U. S. 723, 35 Sup. Ct. 458, 59 L. Ed. 808.

[3] The question of jurisdiction was raised on a preliminary motion and denied. An answer was filed by the appellants "reserving to themselves the benefit of the objections heretofore taken by them to the sufficiency of process upon them and to the jurisdiction of the court over their persons." By this they reserved the right to urge this objection to the venue, and the objection has not been waived. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Southern Pacific v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942.

[4] As to Asch & Co., Incorporated, we are of the opinion that the decree below should be affirmed. In concluding thus, we hold that the patent in suit is valid and infringed.

The invention relates to a deflector which is designed most particularly on incandescent electric lights of automobile headlights. Its

object is the production of a deflector, simple and inexpensive in construction, which can readily be applied to and removed from incandescent lights of the types of headlights now in general use. So that only the roadway ahead of the automobile is illuminated to the waist line of a person standing in the street or riding in a car, leaving the space above this line in darkness, thus avoiding dazzling or blinding the eyes of persons by the glare of the headlights. This deflector, which is applied to the lamp bulb, comprises a rear shield of sheet metal having a degree of flexibility and of semiglobular form, so as to embrace and cover parts of the rear side and under side of the globular bulb. It also provides in its rear part an opening which is adapted to receive the shank of the lamp. The front part of the rear shield is so constructed as to form jaws which extend forwardly upwardly beyond the axis of the lamp bulb on diametrically opposite sides thereof, thus causing the rear shield section to grip and embrace slightly more than one-half of the globular form of the lamp. The upper front portions or jaws engage frictionally with the lamp bulb for holding the rear shield section securely on the bulb. In addition to this rear shield section, there may be employed a front shield which is constructed in the form of a cap which engages the central part of the front side of the lamp bulb and fits over the tip projecting forwardly from this part of the bulb. The front shield section is retained in place on the lamp bulb by connecting its rear edge with the front edge of the rear shield section by means of longitudinal springs arranged on diametrically opposite sides of the shield sections and adapted to engage on the horizontally opposite sides with the lamp bulb. In placing this deflector on the electric light bulb, it is necessary to first slip the rear shield with its opening over the shank of the bulb and spring the foremost parts or jaws over the bulging sides of the bulb and stretch the spring sufficiently to permit of the engagement of the front shield section over the tip of the lamp, after which they are reliably held in place and prevented from becoming detached. This provides for a removable shade as occasion requires. The effect is to provide for the control of the rays of light as above indicated, the head of the automobile is illuminated high enough for all practical purposes to insure safety of travel, while the space above the axis of the lamp is maintained in substantial darkness, thereby avoiding the dazzling glare on the eyes of persons in front of the automobile.

Claims 1 and 2 of the patent in suit, which are relied upon principally by appellee, are as follows:

"1. A deflector for incandescent electric lamp bulbs comprising a rear shield section adapted to cover parts of the rear and underside of the bulb and an independent front section adapted to cover the central part of the front side of the bulb and connected with said rear section.

"2. A deflector for incandescent electric lamp bulbs comprising a rear shield section adapted to cover parts of the rear and underside of the bulb and a front section adapted to cover the central part of the front side of the bulb, and a flexible connection between said front and rear shield sections."

In the effort to defeat the appellee, we are referred to the prior art, Lennon's patent No. 1,137,221 and the McLean patent, No. 1,146,269. These patents were not part of the prior art when Stryker filed his

application on March 29, 1915. Both the Lennon and McLean applications were pending at the time, but we think that the test of priority of application does not apply, for the reason that we are of the opinion that Stryker has discovered a different invention from either Lennon or McLean, and that they are therefore not rival inventors. The Lennon patent, No. 1,130,180, was part of the prior art when Stryker filed his application, but we do think that there is a difference and an improvement in the Stryker patent, for the cap on the end effected a change, and some of the rays of the lower hemisphere were allowed to reach the road. The Lennon patent, No. 1,130,180, provides for a deflector where the body portion is made of one piece, and not of two pieces which are connected with each other and which engage the front and rear sides of the bulb. It does not present two distinct sections as does the patent in suit.

In the McLean shield deflector, the shading is done by applying light-intercepting elements permanently to the bulb, and in the patent in suit the shading is done by two interconnecting shades which are removable from the bulb.

We are of the opinion that the prior art does not invalidate the patent in suit; also that claims 1 and 2 are infringed. The active infringement being proven by the sale of Asch & Co., Incorporated, we shall affirm as to it. The decree will therefore be modified by reversing as to Perrin Manufacturing Company, Quinn and Allen, and the complaint dismissed and affirmed as to Asch & Co., Incorporated.