## QUINN v. UNITED STATES.
### No. 4744.

Circuit Court of Appeals, Third Circuit.
April 19, 1932.

Louis E. Graham, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., William Wolff Smith, Sp. Counsel, Veterans' Administration, and Annabel Hinderliter, Atty. Veterans' Administration, both of Washington, D. C.

William Kaufman, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

The petition of the appellee alleges that he is a citizen of the United States and a resident of the Western District of Pennsylvania; that in his military service he was granted a contract of war risk insurance, and that premiums were paid thereon during the term of his military service which expired on April 19, 1919, when he was honorably discharged.

The insurance policy in suit was in the sum of $5,000, payable, in the event of death or total and permanent disability, at the rate of $28.75 per month. By averments and admissions in the pleadings, it appears that appellee applied for payment of said insurance on the ground of total and permanent disability; and on May 28, 1929, the Veterans' Bureau disputed the claim and

issued evidence of disagreement, thus giving appellee the right to sue.

The government, in its affidavit of defense, objected to the jurisdiction of the court, on the ground that the appellee is not a resident of the Western District of Pennsylvania. But appellant, instead of resting upon this objection, set up in its affidavit a full defense to the merits. Two trials were had in the case. In the first trial, resulting in a verdict for the appellee, the objection as to want of jurisdiction was not raised; a new trial being granted for other reasons. On the second trial, the former objection was put upon the record and overruled before testimony was taken. It was afterwards raised in the motion for compulsory nonsuit in the renewal of that motion and in the fourth assignment of error.

■ Under the authorities, the defendant in its affidavit of defense having raised the question of jurisdiction, but having gone to trial on the merits, such action must be held as a waiver of defense to the jurisdiction. United States v. Hvoslef, 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286; Thames & Mersey Marine Insurance Co. v. United States, 237 U. S. 19, 35 S. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087; Christenson v. Christenson & United States (D. C.) 14 F.(2d) 475.

■ The burden rested upon the plaintiff, first, to prove service connection of disabilities; second, to prove that said disabilities were total and permanent within the life of the policy.

It is averred that said diseases, injuries, and disabilities have continuously since July 19, 1918, rendered, and still do render, the plaintiff wholly unable to follow any substantially gainful occupation, and that they are of such a nature and founded upon such conditions that it is reasonably certain that they will continue throughout the plaintiff's lifetime in approximately the same degree.

■ Plaintiff's Exhibits 3, 4, and 5, official documents issued by the Veterans' Bureau, containing statements amounting to admissions and certain declarations against interest, were objected to, when offered, as incompetent and irrelevant.

It is true that ratings made by the bureau, and other rulings and finding of the directors and bureau, are incompetent and immaterial if attempted to be used as self-serving declarations, but we think they are relevant and admissible in this suit upon the war risk insurance policy, because, under the statute, unless his disabilities were service connected, he could not recover (38 USCA § 471). For this purpose alone we think the exhibits were competent.

■ Testimony was offered on both sides on the question of the appellee's injuries and disabilities, and whether they were total and permanent during the life of the policy. The jury was carefully instructed by the court as to the essential elements in the plaintiff's case and the burden of proof resting upon him to establish these several elements. It was the peculiar province of the jury to pass upon the conflicting evidence and render a decision on the facts, in harmony with the law, as given to them by the court. The jury reached a verdict in plaintiff's favor, and, giving due effect to the findings of the jury, we are not prepared to say that their judgment was erroneous.

The judgment should therefore be affirmed.