**LEONARDI et ux. v. CHASE NAT. BANK OF CITY OF NEW YORK.**
**No. 166.**

Circuit Court of Appeals, Second Circuit.
Jan. 13, 1936.

Mudge, Stern, Williams & Tucker, of New York City (George L. Trumbull and Randolph H. Guthrie, both of New York City, of counsel), for appellant.

Frank & Julius Zizmor, of Brooklyn, N. Y. (Julius Zizmor, of Brooklyn, N. Y., of counsel), for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellees are residents of Florida, and the appellant is a national bank with its principal and central office in the Southern District of New York, and with a branch office in Brooklyn in the Eastern District of New York. This action for money had and received in the collection of a check was begun by the service of a summons and complaint on an officer of the appellant at the branch in the Eastern District of New York.

Before answering, the appellant appeared specially to contest the court's jurisdiction and moved to set aside the service and dismiss the complaint. After denial of this motion, the appellant answered, reserving the benefit of the objections previously taken to the jurisdiction of the court. With the answer, the appellant noticed a motion for security for costs. Later he moved for a bill of particulars and also for an order precluding the appellees from giving evidence and for an order granting leave to serve an amended answer. The objection to the jurisdiction

was reserved by the appellant at the opening of the trial.

■ The appellees raised some preliminary questions which may be disposed of. Referring to George v. Victor Talking Machine Co., 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439, and section 129 of the Judicial Code, as amended (28 U.S.C.A. § 227), as authority for dismissing the appeal of an order denying the motion to set aside the service, they say that the question as to the jurisdiction of the court below may not be now raised. The statute merely provides that an appeal must be taken within a certain period, where the order is one concerning injunctions or receivers. These are special types of interlocutory orders, and the order at bar has no relation to them. The statute is entirely inapplicable to it. In the Victor Case, the court dealt with a preliminary injunction, and it was within the statute. Appellees' contention that the order is interlocutory and may not be presented on this appeal is without merit. Though before final judgment it was an interlocutory order and not appealable, after the trial and judgment the whole case comes up for review on the appeal taken. The purpose of the rule allowing no appeal from interlocutory orders is merely to prevent the case coming up piecemeal, not to cut off altogether appeals from certain types of orders. See Fitzpatrick v. Flannagan, 106 U.S. 648, 660, 1 S.Ct. 369, 27 L.Ed. 211; Galveston, Harrisburg & San Antonio Ry. Co. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248; McLish v. Roff, 141 U.S. 661, 665, 12 S.Ct. 118, 35 L.Ed. 893.

■ The appellees claim that the appellant waived the claim of want of jurisdiction by appearing generally in the action and contesting it on its merits. Where objection is made to the jurisdiction of the court, and, after that objection is overruled, a defendant answers and engages in a trial on the merits, he does not thereby waive his objection. Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L. Ed. 942; Stryker Deflector Co. v. Perrin Mfg. Co., 256 F. 656 (C.C.A.2). Both of the cited cases involve the question of the proper district in which suit might be brought, a defect which, although it could have been waived by the defendant, was held not to have been lost by engaging in trial after the court had passed on the jurisdictional question. J. B. McCrary Co. v.

Nashville Bridge Co., 64 F.(2d) 385 (C.C. A.5), Clark v. Southern Pac. Co., 175 F. 122 (C.C.Tex.), and Murphy v. Herring-Hall-Marvin Safe Co., 184 F. 495 (C.C. Nev.), referred to by appellees, all involve motions made by the defendant before the court's ruling on jurisdiction. In Richardson Machine Co. v. Scott, 276 U.S. 128, 48 S.Ct. 264, 72 L.Ed. 497; Everett Ry., Light & Power Co. v. United States, 236 F. 806 (D.C.W.D.Wash.) and Quinn v. United States, 58 F.(2d) 19 (C.C.A.3), the defendant, at the same time he was attempting to appear specially, so pleaded or moved that his special appearance became general.

Federal Coal Co. v. Liberty Coal & Coke Co., 23 F.(2d) 674 (C.C.A.6), merely holds that filing a cross-bill waives question of venue. Southern Trust Co. v. Austin, 30 F.(2d) 893 (C.C.A.5), holds only that a defendant seeking to remove a receiver appointed in the action by a motion which is, by its terms, unqualified and without reserve, thereby submits himself to the court's jurisdiction. In Brotherhood of Locomotive Engineers Securities Corporation v. W. L. Shepherd Lumber Co., 51 F. (2d) 153 (C.C.A.5), the defendant, having made various stipulations, appearance, motions, and orders, agreed and consented to was held to have waived his plea to the venue.

■ In the instant case, when the appellant's motions were made, the court had already passed adversely on its plea to the jurisdiction. None of the motions were of such a type that they sought affirmative relief, but all were strictly defensive moves. A general appearance is entered whenever the defendant invokes the judgment of the court in any way, on any question other than the court's jurisdiction without being compelled to do so by previous rulings of the court sustaining jurisdiction.

■ Since there was no waiver of the appellant's objection to the jurisdiction, the question remains open. The bank contends that it may be sued only in the Southern District in which its home office is located. This would appear to be true if the appellant were an ordinary corporation. By virtue of section 51 (as amended) and section 52 of the Judicial Code (28 U.S.C.A. §§ 112, 113), the suit would properly lie in the district where the home or principal office is located. Galveston, Harrisburg & San Antonio R. Co. v. Gonzales, 151 U.S. 496,

14 S.Ct. 401, 38 L.Ed. 248; Firestone Tire & R. Co. v. Vehicle Equipment Co., 155 F. 676 (C.C.E.D.N.Y.); Vidal v. South American Securities Co., 276 F. 855, 865 (C.C. A.2). Cf. Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841. However, the National Banking Act provides for the venue of suits against national banks. The original act of June 3, 1864, c. 106, § 57, 13 Stat. 116, provides that "suits, actions, and proceedings, against any association under this act, may be had in any * * * district * * * court of the United States held within the district in which such association may be established." Nothing in the original act implied that this section was to apply to any particular type of proceeding. In Cadle v. Tracy, 4 Fed.Cas. page 967, No. 2,279 (C.C.S.D.N.Y. 1873) it was held that the clause "under this act" modified "associations" and not "suits, actions or proceedings." This interpretation would eliminate entirely the confusion caused by the subsequent course of this section. This uncertainty arises because the section was omitted entirely from the Revised Statutes. By the act of February 18, 1875, c. 80 ·(18 Stat. 320), an act to correct errors and to supply omissions if any in the Revised Statutes of the United States, it was provided: "Section five thousand one hundred and ninety-eight is amended by adding thereto the following: 'That suits, actions, and proceedings against any association under this title may be had in any * * * district * * * court of the United States,'" etc. Since section 5198 (12 U.S. C.A. §§ 86, 94) relates to the procedure to recover penalties for usurious interest, the fact that the sentence quoted was added to this gives some ground for believing that this provision for venue was to apply only to usury actions. The appellant makes this contention. It receives support from the changes made in the language of the United States Code. 12 U.S. C.A. § 94, originally read: "Actions, and proceedings·against any association under this chapter [title] may be had," etc. This was later changed to read: "Actions and proceedings against any association under § 86 of this title [this chapter] may be had," etc. 12 U.S.C.A. § 94 and note.

Section 86 is the usury section, so, if the Code be taken as correct, the appellant's contention is sound and national banks are amenable to suit, like other corporations, only in the district in which they have their home office. However, the Code is only prima facie the law. It does not agree here with the words of the statute restoring the provision in 1875. The word there used was "title," and the only title it could refer to was "National Banks." In view of this and the fact that the section originally applied to all actions, it seems incorrect to now restrict it to usury proceedings. The Supreme Court has intimated that it does not regard the section as so restricted. In Casey v. Adams (1880), 102 U.S. 66, 26 L.Ed. 52, the court decided that the section related to transitory actions only and not to such actions as were local in character. If it applied only to usury, the section would have been declared inapplicable on that ground. In Casey v. Adams, supra, 102 U.S. 66, at page 67, 26 L.Ed. 52, the court said: "By section 5198, Rev.Stat., it is provided that 'suits, actions, and proceedings against any association under this title (The National Banks) may be had,'" etc.

This was decided after the restoration of the section by the act of February 18, 1875, c. 80 (18 Stat. 320). It indicates the court thought no change had been made merely because of its inclusion in the usury section, and considered that the language remained as broad as it was originally. In First National Bank of Charlotte v. Morgan, 132 U.S. 141, 144, 10 S.Ct. 37, 33 L. Ed. 282, the court again parenthesized (Title, National Banks), and thus indicated its understanding of the section, although the case came up as an action to recover penalties for usury and is not direct authority for holding the section of wider application. In First National Bank v. Union Trust Co., 244 U.S. 416, 428, 37 S.Ct. 734, 61 L.Ed. 1233, L.R.A. 1918C, 283, Ann. Cas. 1918D, 1169, the court held that the section was applicable to more than usury sections, and indeed spoke as if the original act of 1864, c. 106, § 57 (13 Stat. 116), had never been changed.

■ These cases seem to establish that the section quoted governs the question of whether the appellant, national bank, could be sued in the Eastern District. The next question is the interpretation of the statute. "Suits against any association under this title (i. e. National Banks) may be had in any district court held within the district in which such association may be established." Is a national bank "established" within each district in which it operates a branch bank? The question has not re-

ceived much consideration from the courts; the McFadden Act of 1927, 44 Stat. 1228, § 7, being the original authorization for the establishment of domestic branches of national banks. Manufacturers' National Bank v. Baack, 16 Fed.Cas. page 671, No. 9,052 (C.C.S.D.N.Y. 1871), said that a national bank is "located" at the place specified in its organization certificate. See, also, Raiola v. Los Angeles First Nat. Bank, 133 Misc. 630, 233 N.Y.S. 301 (City Court, N.Y.Sp.T. 1929). The bank's organization certificate must state the place where its operations of discount and deposits are to be carried on. Rev.Stat. § 5134, 12 U.S.C.A. § 22. If this section is read with the authorization to carry on a general business in branch banks (Rev.St. § 5155, as amended, 44 Stat. 1228, 48 Stat. 189, 190, 12 U.S.C.A. § 36), and with 12 U.S.C.A. § 81, it would require the organization certificate to state where the branches would be located. Then the national bank might be said to be located at each of its different branches. However, in National City Bank v. Domenech, 71 F.(2d) 13 (C.C.A.1), it was held that a bank, having its charter location in New York City, and a branch in Porto Rico, was "located" in New York City and not in Porto Rico for the purpose of taxation. This is sufficient authority to hold that a national bank is not "established" in every district in which it has a branch bank. Sections 36 and 81 of title 12, U.S.C.A., refer to the establishment of the branch banks. Neither section requires a holding that the national banking association itself, as distinguished from its branch banks, is "established" in a number of places by reason of having branch banks there. The defendant's charter recites that its home office and principal place of business is in the Southern District. To agree with the interpretation of sections 51 and 52 of the Judicial Code, as amended (28 U.S.C.A. §§ 112, 113), in Galveston, H. & S. A. R. Co. v. Gonzales and Vidal v. South American Securities Co., supra, the district in which the national bank has its principal place of business and which contains the place recited in its charter [cf. Firestone Tire & Rubber Co. v. Vehicle Equipment Co., 155 F. 676 (C.C.E.D.N.Y.); Gorman v. A. B. Leach & Co., 11 F.(2d) 454 (D.C.E.D.N.Y.)] should be taken as the proper district for suits against a national bank.

The court in the Eastern District of New York was without jurisdiction, and the judgment is reversed.