■ GREGOR J. SCHAEFER SONS, INC., Respondent, v. NORA WATSON, Doing Business as NORAL COMPANY, et al., Defendants, and FRANKLIN NATIONAL BANK, Appellant.— In an action to recover damages arising from an alleged diversion of trust funds under a construction contract, defendant Franklin National Bank appeals from an order of the Supreme Court, Nassau County, entered February 10, 1966, which denied its motion, pursuant to section 94 of title 12 of the United States Code to change the venue of the action from Suffolk County to Nassau County. Order reversed, without costs, and the motion remitted to Special Term for further proceedings consistent herewith. For the purposes of venue under the statute (U. S. Code, tit. 12, § 94), a national bank is located at the place listed in its certificate of incorporation as its principal place of business or main office, even though it maintains branches in other counties of the state (*Michigan Nat. Bank* v. *Robertson,* 372 U. S. 591; *Mercantile Nat. Bank* v. *Langdeau,* 371 U. S. 555; *Buffum* v. *Chase Nat. Bank,* 192 F. 2d 58, cert. den. 342 U. S. 944; *Leonardi* v. *Chase Nat. Bank,* 81 F. 2d 19, cert. den. 298 U. S. 677; *National City Bank* v. *Domenech,* 71 F. 2d 13). The *Michigan Nat. Bank* case (*supra*), and the *Buffum* case (*supra*), indicate that a national bank may waive its venue privilege by the nature of its activities in the county wherein venue is sought to be placed. In addition, the venue requirements of the Federal statute do not apply to actions that are local in nature (*Casey* v. *Adams,* 102 U. S. 66). The determination whether the Franklin National Bank has waived its venue privilege to this action in Suffolk County cannot be determined from the appendix presently before us. Moreover, we find that the record on appeal does not contain sufficient information upon which to make a determination. We, therefore, cannot invoke the procedures suggested in *E. P. Reynolds, Inc.* v. *Nager Elec. Co.,* 17 N Y 2d 51. The record on appeal contains a copy of the complaint which reveals that this action grew out of a contract to build a church in Suffolk County. A further hearing is necessary, however, to obtain further information relating to the nature of the agreement made by the bank including, if necessary, a copy of the contract. It is necessary to know just what the bank committed itself to perform within Suffolk County. The bank's waiver of venue, however, may not be determined solely on the basis of its contract. If it was financially active in other phases of the church construction project and knew of and participated in phases of the work that did or could have resulted in lien rights of any nature, then the action deals with a transaction essentially local in nature and the venue privilege does not apply. This would be particularly so if the bank had carried on all the transactions through a branch located in Suffolk County (U. S. Code, tit. 12, § 81). The record on appeal does not disclose this information. We further point out that, in our opinion, waiver of venue may occur from circumstances additional to the transaction in question. While the operation of a branch within the county would not in and of itself amount to a waiver, it may be considered along with other evidence of intent of waiver, such as any documents filed with county, state or federal agencies that would evince an intent to be amenable to process where the branches are located. Such intent may be evidenced by statements in the bank's charter or organization certificate or its by-laws or other official documents of the bank wherein the bank has, particularly with respect to the people and officials of Suffolk County, represented that it is present within Suffolk County not only for the purpose of doing business in its own interest

but as a member of the business community of the county and readily available to answer any claims involving it within the county. We, therefore, are remanding the motion so that the court below may make its decision upon a full disclosure of all the pertinent facts. We find that the motion by the defendant bank for change of venue was timely made. Ughetta, Brennan and Hopkins, JJ., concur; Beldock, P. J., and Christ, J., dissent and vote to affirm, with the following memorandum: Actions against national banks in State courts are required to be brought in the county in which the bank is "located." In our opinion, it is unreasonable to hold that this appellant, with 15 branches in Suffolk County, is not located in Suffolk County. The cases dealing with venue in federal courts are not in point. The statute provides that such suits must be brought in the district in which the bank is "established", which means where the principal place of business of the bank is located.