William R. Geller, J.
Defendant Continental Illinois National Bank and Trust Company of Chicago (hereinafter referred to as Continental) moves pursuant to CPLR 3211 (subd. [a], par. 8) to vacate service of the summons and dismiss the *543 complaint upon the ground that the court does not have jurisdiction over it.
Continental is a national banking association organized and operating pursuant to chapter 2 of the title 12 of the United States Code. Its principal place of business, as set forth in its charter, is Chicago, Illinois, and it is established and located there.
Continental maintains a correspondent office in New York City. A summons and complaint were served upon an officer of defendant bank at its office in New York City.
The complaint names Continental and George S. May International Company (hereinafter referred to as May) as defendants. Plaintiff, according to the complaint, was employed as an executive in charge of May’s New York City office from March, 1957 to March 25, 1967. The plaintiff, during the course of his employment, made payments into an Employees Profit Sharing Trust ” which, when his employer’s contributions are added, totalled $3,047.12 as of March 25, 1967. Plaintiff seeks to obtain the proceeds of the trust which are alleged to be deposited with Continental.
Continental admits that it is the depository for the trust, but points out the following facts:
1. The trust was established and has been administered in Chicago, Illinois.
2. All funds received for the trust have been and are deposited in Chicago, Illinois.
3. No funds have been or are deposited in New York.
The thrust of defendant’s argument is that it cannot be sued in this State, under the allegations contained in the complaint, because of its .status as a national bank.
A national bank for jurisdictional purposes is a citizen of the State in which it is established or located (U. S. Code, tit. 28, § 1348; see, also, Cope v. Anderson, 331 U. S. 461) and can only be sued as set forth in section 94 of title 12 of the United States Code:
“ § 94. Venue of suits. Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said •association is located having jurisdiction in similar cases.”
A national banking association is “ established ” or “located”, as those terms are used in section 94, only at the national banking association’s principal place of business as set *544 forth in its charter (Buffum v. Chase Nat. Bank of City of N. Y., 192 F. 2d 58, cert. den. 342 U. S. 944; Leonardi v. Chase Nat. Bank of City of N. Y., 81 F. 2d 19, cert. den. 298 U. S. 677).
It has been well settled that the venue requirements with reference to suits against a national bank, as set forth in section -94, are mandatory (First Nat. Bank of Charlotte v. Morgan, 132 U. S. 141; Leonardi v. Chase Nat. Bank of City of N. Y., supra; see, also, Mercantile Nat. Bank at Dallas v. Langdeau, 371 U. S. 555; and Rabinowitz v. Kaiser-Frazer Corp., 198 Misc. 312).
Plaintiff argues that section 94 is not a bar to this action in view of the fact that he has invoked the equitable jurisdiction of this court. He cites Casey v. Adams (102 U. S. 66 [1880]) in support of his argument.
The Supreme Court of the United States in Casey v. Adams (supra) held that local actions are in the nature of suits in rem and are to be prosecuted where the thing in which they are found is situated.
The instant action, however, is not within the exception to section 94 as expounded in Casey v. Adams. The trust was established and has been administered in Chicago, Illinois. No trust funds have been or are deposited in New York. The only way in which this court can render a decision with respect to the obligations of Continental under this trust is to acquire in personam jurisdiction over Continental.
The fact that Continental has filed a limited certificate to do business in New York with the Superintendent of Banks pursuant to subdivision 3 of -section 131 of the Banking Law with respect to other specific trusts -does not constitute a waiver of section 94. The court in Buffum v. Chase Nat. Bank of City of N. Y. (supra) held that a national bank, which has filed a certificate to do business for a limited purpose in another jurisdiction, could not be sued in that jurisdiction except as to transactions growing out of that purpose.
It is true that the United States Supreme Court in Michigan Nat. Bank v. Robertson (372 U. S. 591) remanded the case for further proceedings in the Nebraska Supreme Court to determine whether or not the defendant bank had waived the provisions of section 94 by entering into an agreement which was the subject matter of the suit. Here, however, the plaintiff can make no such showing, because the trust agreement does not contain any language which might be construed as a waiver of the privilege under section 94 to be sued only in Chicago, Illinois.
*545 The plaintiff requests that this court, if it finds merit in the instant motion, should adjourn this matter for two months to allow Continental to be examined before trial to determine the extent Continental does business in this State. The court does not find any merit in this request. Even if Continental maintained a branch bank in New York, this would not constitute a consent by Continental to be sued in New York (Leonardi v. Chase Nat. Bank of City of N. Y., 81 F. 2d 19, cert. den. 298 U. S. 677, supra).
The court recognizes that the provisions of section 94 may cause a hardship to this plaintiff and should be modified; however, this court strongly adheres to the principle of the separation of powers and any change in the law must come from the Federal legislature.
The court finds that Congress, by enacting section 94, clearly provided that a suit in a State court against a national bank could only be maintained in a county or city where such bank was established or located, in the absence of a waiver by the national bank.
Motion granted.