■ ROBERT M. WEICHERT, Appellant, v. AMERICAN NATIONAL BANK AND TRUST COMPANY, Respondent.— Order unanimously affirmed, with costs. Memorandum: On a motion to dismiss, the pleadings are to be liberally construed and the complaint must stand if any valid cause of action is stated (*Murphy* v. *Erie County,* 34 A D 2d 295, 298; *Foley* v. *D'Agostino,* 21 A D 2d 60). Plaintiff alleges that the defendant-respondent concealed certain facts from him and that had he been given those facts, he would not have entered into a contract of continuing guarantee. Under the law as stated in *Matter of First Citizens Bank & Trust Co.* v. *Sherman* (250 App. Div. 339) and the cases cited therein, it seems clear that a valid cause of action has been stated. If plaintiff's allegations are proven to be true, he would be entitled to have the guarantee rescinded. Under such circumstances, the complaint should not have been dismissed for failure to state a cause of action. However, the defendant-respondent is a national banking association with its established office and principal place of business in Montclair, New Jersey. For jurisdictional purposes a national bank is a citizen of the State in which it is established or located, and can only be sued as set forth in United States Code (tit. 12, § 94; *Tuthill* v. *May Int. Co.,* 55 Misc 2d 542, 543, affd. 31 A D 2d 721). Section 94 states: "Venue of suits. Actions and proceedings against any association under this chapter may be had in any district or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." A national banking association is established or located, as those terms are used in section 94, only at the national banking association's

principal place of business as set forth in its charter (*Tuthill, supra*, p. 543; *Michigan Nat. Bank* v. *Robertson*, 372 U. S. 591; *Buffum* v. *Chase Nat. Bank of City of N. Y.*, 192 F. 2d 58, cert. den. 342 U. S. 944; *Leonardi* v. *Chase Nat. Bank of City of N. Y.*, 81 F. 2d 19, cert. den. 298 U. S. 677). Unless the defendant waived its venue privilege in some way, the New York courts have no jurisdiction of the action. Plaintiff makes no attempt to present evidence of such waiver and makes no allegation that such evidence exists. The order dismissing the complaint should be affirmed on the ground that the court does not have jurisdiction over the defendant-respondent by reason of the provisions of United States Code (tit. 12, § 94). (Appeal from order of Onondaga Special Term granting motion to dismiss complaint.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.