## 51622. CITIZENS & SOUTHERN NATIONAL BANK v. BOUGAS.

MARSHALL, Judge.

This appeal arises from a suit filed by Bougas against The Citizens & Southern National Bank in the State Court of DeKalb County complaining that the C. & S. Bank unlawfully redeemed and converted to its own use a savings bond owned and pledged by Bougas to the bank as security for an indebtedness to the bank, allegedly the responsibility of Bougas' son claimed by the bank to be overdue. The bank answered the complaint and concurrently therewith filed a motion to dismiss the complaint on grounds of improper venue, maintaining that suit against it would lie only in Chatham County. The trial court denied the motion to dismiss but granted a

certificate for immediate review. Additionally, a motion by the bank for an interlocutory appeal was granted by this court. The sole issue pending before the court in this hearing is whether venue of the pending cause of action lies in DeKalb County. *Held:*

Appellee Bougas asserts that though C. & S. Bank is a national bank, it is located at numerous sites in DeKalb County furnishing full service. He submits that a suit can be prosecuted in any court of competent jurisdiction in any county in which C. & S. is located and operating branch banks. Appellant C. & S. Bank rejoins that as a national bank, venue against it is governed by the provisions of Section 94 of Title 12 of the United States Code Annotated. It contends that under the provisions of that statute, C. & S. may be sued only in Chatham County, the county in which its charter was issued and the location of its principal place of business.

Both parties agree that the focal point of this appeal is the correct interpretation and application of 12 USCA § 94. That statute, in pertinent part, provides: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The parties are further agreed that the C. & S. Bank, as a national bank, is an "association" within the meaning of the federal statute. There is no dispute that the suit must be brought in a district or a county in which the bank is "established" or "located." Mercantile National Bank v. Langdeau, 371 U. S. 555 (83 SC 520, 9 LE2d 523). The point of departure occurs when a suit is brought in a state court whether venue lies in the county of "establishment" or in a county in which the bank is "located."

There are cases on each side of the question. It has been concluded that the meaning of "located," including the venue of a suit against a national bank, would be in any county of the state in which the bank has branches either on the theory that a branch bank "locates" the

bank in that county or alternatively that by doing business in the county, the bank has waived its exclusive venue. See Security Mills of Asheville v. Wachovia Bank &c. Co., 281 N.C. 525 (189 SE2d 266); Holson v. Gosnell (S. C.) 216 SE2d 539; Frankford Supply Co. v. Matteo, 305 FSupp. 794; Lapinsohn v. Lewis Charles, Inc., 212 Pa. Super. 185 (240 A2d 90). See also Malaker Corp. &c. Committee v. First Jersey Nat. Bank, 133 N. J. Super. 462 (337 A2d 390).

In the federal courts, and in some state courts considering the issue, the question over the years had been settled adversely to the contention advanced by Bougas. See Mercantile Nat. Bank v. Langdeau, supra; Michigan Nat. Bank v. Robertson, 372 U. S. 591 (83 SC 914, 9 LE2d 961); Northside Iron & Metal Co. v. Dobson & Johnson, 480 F2d 798; First National Bank of Boston v. U. S. District Court for the Central District of California, 468 F2d 180; Helco, Inc. v. First National City Bank, 470 F2d 883; United States National Bank v. Hill, 434 F2d 1019; Levin v. Great Western Sugar Co., 274 FSupp. 974; Odette v. Shearson, Hammill and Co., Inc. 394 FSupp. 946; Prince v. Franklin National Bank, (310 NYS2d 390); Schaefer Sons, Inc. v. Watson, 26 A.D. 2d 659 (272 NYS2d 790).

The original National Banking Act of 1863 did not make mention of suits against national banks in state courts. The provisions of the Act relating to suits in state courts were placed in the statute by later legislation. See Mercantile National Bank v. Langdeau, 371 U. S. 555, supra. Apparently Congress intended a different rule to apply as between suits brought in federal courts (where the bank must be *established* in the district) and suits brought in state courts (where the bank need only be *located* in the county or city of the court having similar jurisdiction in similar cases). Otherwise, Congress hardly would have substituted "located" for "established" in defining venue of a suit brought in state court.

A close examination of the federal cases dealing with the dichotomy of "established" and "located" discloses that in each of those cases the federal court was dealing with its own venue, i.e., was the bank established (under its charter) within the federal court's district. E.g., Helco,

Inc. v. First National City Bank, 470 F2d 883, supra. None of the cases were dealing with the venue of a suit brought in a state court in a county in which the bank was operating a branch facility but in which it was not "established." In order to accept venue, the federal courts were required, under the express language of § 94, to conclude that a bank must be "established" in its district, and of course, it would be "located" there also. We find these cases to be inapposite to the problem presented by this case, because in a state court the bank need not be both "established" *and* "located" in the county.

As to whether a national bank is "located" in a county simply by setting up a branch to conduct general bank business therein, it seems clear that it has manifested an intent to be found in that jurisdiction for purposes of suits arising out of any business conducted there. Lapinsohn v. Lewis Charles, Inc., supra.

"We conclude that when a national bank 'established' in this State, operates and maintains in counties, other than the county of its principal office, branches at which it conducts its general banking business, the corporation is present at all times in each such branch and is 'located' therein within the meaning of this Act of Congress. Thus, it is subject to suit in a state court in such county, otherwise having jurisdiction, just as it is in the county wherein its principal office is located." Security Mills of Asheville, Inc. v. Wachovia Bank & Trust Co., supra, p. 271.

Such an interpretation is in harmony with the laws of venue of this state which provide that a corporation may be sued on contract in any county in which the contract was made or was to be performed; and as to torts, it may be sued in the county where the cause of action originated. See Ga. L. 1968, pp. 565, 584; 1975, pp. 583, 587 (Code Ann. § 22-404 (c) and (d)). Insofar as the footnote found in *Carswell v. Cannon,* 110 Ga. App. 315, 317 (138 SE2d 468) may imply a contrary result, we find the language therein to be obiter dicta, not persuasive and decline to follow its lead.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

710

*Alston, Miller & Gaines, William C. Humphreys, Jr., Peter Q. Bassett,* for appellant.

*Hendon, Egerton, Harrison, Glean & Kovacich, Michael J. Kovacich, E. T. Hendon, Jr.,* for appellee.