## Universal Packages, Inc. v. Commonwealth National Bank

*George B. Faller,* for plaintiff.
*Michael Q. Davis* and *James R. Humer,* for defendant.

SHUGHART, *P. J.,* June 24, 1977—On January 10, 1977, plaintiff, Universal Packages, Inc., filed a complaint in assumpsit against defendant, Commonwealth National Bank. After defendant filed preliminary objections, plaintiff filed an amended complaint. Defendant filed preliminary objections to the amended complaint raising a question of venue, a demurrer, and a motion for a more specific complaint. The applicable facts are as follows:

The defendant is a corporation organized and existing under the laws of the United States of America, having its principal place of business in Harrisburg, Dauphin County, and maintaining a branch office in Carlisle, Cumberland County. Plaintiff was a customer of defendant for at least three years prior to the commencement of this action.

The complaint alleges that beginning December 11, 1974, and continuing until September 14, 1975, one Betzi Moose, an employe of plaintiff, fraudulently and without authority, took checks from plaintiff which had been signed by the treasurer and forged the names of the payees on the backs of the checks (except for two of the checks on which she forged the name of plaintiff's treasurer on the face of the checks), and presented them for payment at the office of defendant in Carlisle, Pennsylvania. Defendant's representatives, recognizing Betzi Moose as an employe of plaintiff, cashed the checks for a total amount of $12,061.77, and charged the amount to the deposit account of plaintiff. Plaintiff first discovered the forgery on September 18, 1975, and immediately notified defendant and demanded payment. Payment was refused by defendant and this action resulted.

## VENUE

Both parties agree that since defendant is a National Bank, venue is controlled by the National Bank Act of 1864. Federal courts have consistently held that the venue requirements set out in the Act are mandatory and not permissive: Rome v. Eltra Corporation and First National City Bank of New York, 297 F. Supp. 314 (E.D. Pa. 1969). The pertinent portion of the act reads as follows: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be **established,** or in any **State, county,** or **municipal court** in the **county** or **city** in which said association is **located** having jurisdiction in similar cases." The National Bank Act of June 3, 1864, 12 U.S.C. §38, as

amended, June 20, 1874, 18 Stat. 123; February 18, 1875, 18 Stat. 320, 12 U.S.C. §94, (Emphasis supplied).

There are two parts to the statute. If the suit is brought in federal court, suit must be filed in the *district* in which the bank was *established*. For purposes of the act, established means the place where its principal office and place of business is located as specified in its charter: Buffum v. Chase National Bank of City of New York, 192 F.2d 58 (7th Cir. 1951); and a bank is not established, for federal venue purposes, in every county where it has a branch bank, but *only* in the county in which the home office is located: Leonardi et ux. v. Chase Nat. Bank of City of New York, 81 F.2d 19 (2d Cir. 1936). If suit is brought in state court then it must be filed in the county or city where the bank is located. It is the defendant's contention that "located" for state court venue purposes has the same meaning as "established" for federal venue purposes. Although we can find no Pennsylvania decisions on point, the issue has been raised in numerous federal court cases: Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555 (1963), is particularly instructive in this area. The issue of venue in federal and state courts in suits involving national banks was reviewed extensively by the Supreme Court giving effect to the meaning of 12 U.S.C. §94 in light of its precise wording, as well as its past legislative history. Justice White, speaking for a majority of the court, summed up the findings stating: "Section 59 of the 1863 Act provided that suits by and against any association under the Act [of which a national bank was one] could be "had in any federal court within the district in which the [bank] was estab-

lished. No mention was made of suits in state courts . . . The next year, however, Congress expressly exercised its power to permit national *banks to be 'sued in certain state courts . . . [and]* added that suits . . . may be had . . . in any state, county, or municipal court in the county or city in *which said association is located' . . ." Id. at 559-60.*

Justice White went further to state that "[a]ll of the cases in this Court which have touched upon the issue here are in accord with our conclusion that national banks may be sued only in those *state* courts in the county where the banks are *located."* Id. at 561. (Emphasis added.)

In addition to the Supreme Court decision cited above, two state courts of other jurisdictions have been faced with the issue of venue involving suits against a national bank. In Security Mills of Asheville, Inc. v. Wachovia Bank & Trust Company, 281 N.C. 525, 189 S.E. 2d 266 (1972), suit was brought against defendant bank for amounts paid out by the bank on forged checks of plaintiff. Plaintiff instituted the action in the county in which defendant maintained a branch office, rather than the county of the home office. After an extensive examination of federal and state court decisions, the court concluded: "[W]hen a national bank, 'established' in this State, operates and maintains in counties, other than the county of its principal office, branches at which it conducts its general banking business, the corporation is *present at all times in each such branch and is 'located' therein within the meaning of this Act of Congress."* Id. at 532, 189 S.E. 2d at 271. (Emphasis added.)

In Citizens & Southern National Bank v. Bougas, 138 Ga. App. 706, 227 S.E. 2d 434 (1976),

the court distinguished the terms established and located and stated, "[a]pparently Congress intended a different rule to apply as between suits brought in federal courts . . . and suits brought in state courts . . . otherwise, Congress hardly would have substituted 'located' for 'established' in defining venue of a suit brought in state court." Id. at 708, 227 S.E. 2d at 435.

Defendant relies on Shapiro v. Pittsburgh National Bank, 51 Westmoreland 235 (1969), for the proposition that located and established are synonymous terms with regards to 12 U.S.C. §94. Although the case does support its position, we do not agree with the reasoning of the court. The court interchanges "established" for purposes of federal venue, with "located" for purposes of state venue, incorrectly citing Buffum v. Chase National Bank of City of New York, supra, to support its position. In the Buffum case, the court was speaking of venue for federal purposes, holding that since the suit was not brought in the district in which the bank was established, venue under the act was improper. Defendant also cites Rome v. Eltra Corporation and First National City Bank of New York, supra; however, that case concerned venue for federal purposes, and thus is not applicable to the case at bar.

## ORDER OF COURT

And now, June 24, 1977, for the reasons set forth in the opinion filed this date, the preliminary objections of defendant are overruled, and defendant is given 20 days in which to file an answer.