**Mary RICHARDSON, Appellant,**

v.

**Bennie RICHARDSON et al., Appellees.**

**No. 17956.**

Court of Civil Appeals of Texas, Fort Worth.

April 13, 1978.

Carmen Glazner and Ernest May, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, Ira Butler, Sr., and S. G. Johndroe, III, Fort Worth, for appellees.

OPINION

HUGHES, Justice.

Mary Richardson appealed the order of trial court dismissing the defendant, National Bank of Detroit from the suit she had filed against it and her former husband. The court found that it did not have jurisdiction over the person and property of Bank.

We affirm.

Trial court, in its order, found:

1. Plaintiff's suit is not a local action in rem.

2. Bank is not incorporated in this state.

3. Bank has never had an office or designated agent in this state.

4. Bank has never done business in this state.

5. The trust pension funds held by Bank and sought by plaintiff are not now and have never been located in Texas.

Mary Richardson and Bennie Richardson were divorced in Tarrant County, Texas, in 1974. The divorce judgment incorporated an agreed property settlement which awarded Mary forty percent of the community right in Bennie's General Motors pension plan. Mary sued Bennie and General Motors in trial court to enforce her right in the pension plan.

General Motors removed the case to the United States district court. That court held that Mary lacked standing and failed to state a cause of action under 29 U.S.C. § 1132(a)(1)(B) which statutes required "a simultaneous determination of jurisdiction, standing, and stating a claim." The U.S. district court further held its dismissal of Mary's claims to be substantive determinations, operating as "res adjudicata of any similar claims in state court." The court also held its dismissal of Mary's claims to be appealable.

Mary did not appeal, and the case was remanded to the state trial court. Mary filed first amended original petition and impleaded Bank as a defendant.

Mary had citation issued to Bank under Tex.R.Civ.P. 108. By special appearance, under Tex.R.Civ.P. 120a, Bank challenged jurisdiction of trial court and asked for dismissal of the proceedings for want of jurisdiction of the person or property of Bank.

It is undisputed that: Bennie is entitled to receive a monthly pension under the "General Motors Hourly Rate Employees' Pension Trust"; such pension payments are made from payments made over a period of time by General Motors at Detroit to Bank; Bank holds and administers the funds under Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 et seq.

The only question in this appeal is whether or not trial court was in error in holding plaintiff's suit against Bank was not a local action in rem. Plaintiff does not deny trial court's findings numbered 2 through 5.

The Banking Code, 12 U.S.C.A. § 94, provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Bank relied on this section in its defense.

Mary cites, as an exception to Rule 94, a ruling of the U.S. Supreme Court which held that such rule "relates to transitory actions *only* and not *to such actions as are by law* local in their character." (Emphasis added.) *Casey v. Adams*, 102 U.S. 66, 67–68, 26 L.Ed. 52 (1880). Other pertinent quotations from the Supreme Court in *Casey*: "(W)e see nowhere in the Banking Act any evidence of an intention on the part of Congress to exempt banks from the ordinary rules of law affecting *the locality of actions founded on local things.* . . . (Emphasis added.) Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated. . . . The proceeding in this case was clearly local in its nature. It related to property in the parish of La Fourche, which had been seized and sold under process from the District Court of that parish. The proceeds of the sale were in that court, and could not be distributed until 'a conflict of privileges' arising between creditors was settled. No personal claim was made against the bank. Nothing was wanted except to 'class the privilege' of the bank on the property seized 'according to its rank. . . .'"

Plaintiff emphasizes that the res in *Casey* was not land (as claimed by trial court) but the cash proceeds of the sale of land: she seeking to refute the notion that actions *in rem* must be for realty only and not personalty.

Many claims that the *res* of the law suit is "her adjudged interest in the trust fund." She apparently feels that her suit, like *Casey*, is one to "class the privilege".

We disagree with Mary's application of *Casey* to this case in that in *Casey* the funds involved were in the custody of the

court. In this case, the funds are in Michigan, have never been located in Texas, and are in the custody of a corporation which: is not incorporated in Texas; nor has ever had an office or designated agent in Texas; nor has ever done business in Texas.

A very similar question to this one was tried in a New York state court in which the trust was in Illinois; all funds received were in Illinois; and no funds were or had been deposited in New York. The New York court dismissed the suit on motion of the defendant bank citing *Casey, supra*:

"The Supreme Court of the United States in *Casey v. Adams, supra,* held that local actions are in the nature of suits in rem *and are to be prosecuted where the thing in which they are found is situated.* The instant action, however, is not within the exception to Section 94 as expounded in *Casey v. Adams.* The trust was established and has been administered in Chicago, Illinois. No trust funds have been or are deposited in New York. The only way in which this Court can render a decision with respect to the obligations of Continental under this trust is to acquire in personam jurisdiction over Continental."

(Emphasis added.)

*Tuthill v. George S. May International Co.,* 55 Misc.2d 542, 285 N.Y.S.2d 317, aff'd 31 A.D.2d 721, 296 N.Y.S.2d 1021 (N.Y.1968).

Since the *res* is not in Texas, citation of Bank under Tex.R.Civ.P. 108 will not support a personal judgment against it. *American Institute of Real Estate Apprais. v. Hawk,* 436 S.W.2d 359 (Tex.Civ.App.—Houston (14th Dist.) 1968, no writ).

A recent U.S. Supreme Court decision, *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), requires the same standard of "fair play and substantial justice" for a state to obtain jurisdiction of an out of state defendant under in rem proceedings as it does for assertions of jurisdiction in personam.

"It is premised on recognition that '(t)he phrase, "judicial jurisdiction over a thing," is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing.' Restatement (Second) of Conflict of Laws § 56, introductory note. This recognition leads to the conclusion that in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising 'jurisdiction over the interests of persons in a thing.' The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum contacts standard elucidated in *International Shoe.*" *Shaffer, supra,* at 207, 97 S.Ct. at 2581.

In *Shaffer* the court further states, at 216, 97 S.Ct. at 2587, that the "Due Process Clause

'does not contemplate that a state may make binding a judgment . . . against an individual or corporate defendant with which the state has no contacts, ties, or relations' ", quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Although Section 94 is not involved in *Shaffer, supra,* the Supreme Court's enunciation of a new standard for application of "in rem" jurisdictional matters makes the "in rem" and "in personam" distinctions in this case moot.

We overrule both points of error and affirm.