■ STEPHEN-LEEDOM CARPET COMPANY, INC., Respondent, v. REPUBLIC NATIONAL BANK OF DALLAS et al., Appellants.— Order entered October 4, 1965, unanimously reversed, on the law, with $30 costs and disbursements to defendants-appellants, and the order of reference vacated. Defendant Republic National Bank of Dallas is a national bank. The venue of an action against a national bank is governed by section 94 of title 12 of the United States Code. Said statute provides that actions and proceedings against a national bank may be had "in any State * * * court in the county * * , * in which" it is located. A national bank is located and established in the county specified in its charter as its principal place for doing business. (*Leonardi* v. *Chase Nat. Bank*, 81 F. 2d 19, cert. den. 298 U. S. 677.) The charter of said defendant bank establishes and locates the bank in Dallas County, Texas. The provisions of the Federal statute are mandatory upon the State courts. (*Mercantile Nat. Bank* v. *Langdeau*, 371 U. S. 555, 562; *Michigan Nat. Bank* v. *Robertson*, 372 U. S. 591.) It does not appear and it is not urged that defendant bank has waived the venue privilege specifically as to this action. (Cf. *First Nat. Bank* v. *Morgan*, 132 U. S. 141.) In the absence of express consent to be sued in the forum State, a national bank does not waive the Federal venue privilege by doing business of the nature engaged in by defendant. (See *Olberding* v. *Illinois Cent. R. R. Co.*, 346 U. S. 338, 341–342.) Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ MADISON 52ND CORPORATION, Respondent v. CATHERINE L. OGUST, Doing Business as PENTHOUSE GALLERY, Appellant.— Order, entered December 14, 1965, granting plaintiff's motion for temporary injunction, unanimously affirmed, with $30 costs and disbursements to plaintiff-respondent, without prejudice to defendant's right, if any, to a recovery against the plaintiff for damages sustained by reason of alleged wrongful acts of plaintiff, including unreasonable or wrongful acts, if any, occurring during the period of the temporary injunction and not authorized by the terms thereof. Special Term, in its memorandum decision, determined that "Any claim for damages either party has against the other is reserved." Counsel for plaintiff agreed on the argument of the appeal that an affirmance of the order might be predicated upon the aforesaid condition. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of the Accounting of the BANK OF NEW YORK, as Trustee of the Trust Created by G. ODO CROSS, by Agreement between G. Odo Cross and Bank of New York and Trust Company, Appellant. JOHN M. FORBES, JR., et al., Appellants, EDWARD J. McCULLEN, as Guardian ad Litem, Respondent.— Order, entered December 13, 1965, unanimously reversed and vacated, with $30 costs and disbursements to all parties filing briefs, payable out of the trust estate; motion to vacate order entered October 14, 1965 appointing a Referee, and for other relief, granted to the extent of vacating the reference and otherwise denied; and matter remanded to Special Term for such proceedings as may