133 N.J. Super. 462 (1975)
337 A.2d 390
THE MALAKER CORPORATION STOCKHOLDESS PROTECTIVE COMMITTEE, STEPHEN F. MALAKER, JEROME B. MALAKER AND ROMAYNE MALAKER, PLAINTIFFS-RESPONDENTS,
v.
FIRST JERSEY NATIONAL BANK, DEFENDANT-APPELLANT, AND FIRST JERSEY NATIONAL CORP., THOMAS STANTON, MERTON CORN, RAY E. MAYHAM, JR., ALBERT MULLER, A.J. WILLNER & CO., AMORSAG REALTY CO., INC., AND WASHINGTON KNITTING MILLS, INC., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 7, 1975.
Decided April 18, 1975.
*464 Before Judges COLLESTER, LORA and HANDLER.
Messrs. Schumann, Hession, Kennelly and Dorment, attorneys for appellant (Mr. Louis E. Della Torre, Jr., of counsel and on the brief).
Mr. Edward Gary Reisdorf, attorney for respondents.
The opinion of the court was delivered by LORA, J.A.D.
Pursuant to leave granted, defendant First Jersey National Bank appeals from an interlocutory order of the Law Division denying the bank's motion to dismiss plaintiffs' complaint on the ground that the venue of the action (Union County) was improper under the provisions of 12 U.S.C.A. § 94 (Federal Venue Act). The principal office of the bank is located in Hudson County.
12 U.S.C.A. § 94 pertaining to venue of an action brought against a national bank or association provides as follows:
Venue of suits 
Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.
*465 While these venue provisions are mandatory, Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 561-562, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Michigan Nat'l Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963), they are not jurisdictional and may be waived by implication by conduct or untimely assertion of the venue privilege. First Nat'l Bank of Charlotte v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889); Michigan Nat'l Bank v. Robertson, supra.
The trial judge, in denying the motion to dismiss, held that the bank had waived the benefits of the federal statute. In reaching this conclusion, he considered three factors, although basically he was impressed with two of these factors, i.e., that the bank, by invoking judicial process in Union County (levying upon certain patents and trade marks of plaintiff corporation in aid of execution of a judgment obtained against the Malaker Corporation and the individual plaintiffs in Hudson County) and by conducting some business (administering trust accounts domiciled in 19 states throughout the country, including the northern sections of New Jersey), had waived the venue requirements of the federal statutes and in effect voluntarily agreed to suits in Union County.
In his opinion the trial judge also considered the fact that the bank had applied for and received Comptroller of the Currency approval for a branch in Union County, but he noted that he did not consider this significant in itself in light of the holding in Helco, Inc. v. First Nat'l City Bank, 470 F.2d 883 (3 Cir.1972), that branch banking activity does not constitute a waiver of a national bank's clear right to be sued only in the county of its home office in the absence of any evidence or inferences of such intention. He did, however, consider it important "for discovering the overall relationship which existed between Union County and the Bank."
The question of what constitutes a sufficient waiver has been the subject of various lower federal court and state court *466 decisions, with divergent results. See generally, Annotation, "Waiver By National Bank of Statutory Right To Be Sued in District Where Established or In Which Located," 1 A.L.R 3d 904 (1965). See also, Insurance Co. of N. America v. Allied Crude Veg. Oil, etc., 89 N.J. Super. 518 (Ch. Div. 1965).
In our view none of the grounds relied on by the trial judge are in any way persuasive on the point that the defendant bank waived federal venue restrictions. Michigan Nat'l Bank v. Superior Court, 23 Cal. App.3d 1, 99 Cal. Rptr. 823 (Ct. App. 1972); Reaves v. Bank of America, 352 F. Supp. 745 (S.D. Cal. 1973), relied upon by the trial judge, and the other cases cited by plaintiffs involved circumstances and fact situations considerably stronger and more impressive than that involved in this case.
The trust business conducted by the bank was not related in any way to this suit and at the very most might be considered a limited waiver as to matters concerning such trusts. Buffum v. Chase Nat. Bank, 192 F.2d 58 (7 Cir.1951), cert. den. 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952); Stephen-Leedom Carpet Co. v. Republic Nat'l Bank of Dallas, 25 A.D.2d 645, 268 N.Y.S.2d 377 (App. Div. 1966).
In Reaves, supra, only did the original loan transaction out of which the suit arose take place in the district in which the case was brought but the bank maintained a total of 66 branch offices in that district, and the record showed that in one county of the district alone the bank had been sued 338 times and sued as plaintiff 105 times without ever once asserting its venue privilege. Here, the original loan transaction was handled entirely through the bank's main office in Hudson County and the suit by the bank to enforce payment of the loan was instituted and prosecuted to judgment there. Plaintiffs produced no evidence to show the extent, if any, to which the bank had sued or been sued in Union County. The only proof of the bank's use of judicial process in Union County was its having a writ of execution *467 issued to the sheriff of said county pursuant to the judgment obtained in Hudson County and the making of a levy and holding of a sale thereunder. We do not deem such limited use of judicial process entailed a waiver or loss of the bank's right to be sued only in its home county of Hudson.
On August 29, 1974 the Comptroller of the Currency approved the bank's application to open a branch in Union Township, Union County. This application was pending at the time the present suit was instituted on August 15, 1974. As of the time of filing defendant's appellate brief (December 20, 1974) the branch office had not been opened nor does it appear that any steps had been taken to do so. Authorization to establish and operate a branch bank is not tantamount to the actual commencement of operations. Although certain rights may attach by virtue of such authorization, the physical act of establishment is most relevant in terms of whether or not a branch bank has been established. Cf. Suburban Trust Co. v. Nat'l Bank of Westfield, 222 F. Supp. 269 (D.N.J. 1963).
Absent physical establishment of a branch bank in Union County, we do not reach the issue of possible waiver through the medium of a branch bank in the county in which the suit is brought. We note merely in passing that some courts accept this as a waiver, Frankford Supply Co., Inc. v. Matteo, 305 F. Supp. 794, 796 (E.D. Pa. 1969), Cent. Bank Nat'l Ass'n v. Superior Court, 30 Cal. App.3d 962, 106 Cal. Rptr. 912 (D. Ct. App. 1973), while other courts hold branch banking activity does not waive the privilege of being sued only in the county of a bank's home office. Helco v. First Nat'l City Bank, supra; Leonardi v. Chase Nat. Bank, 81 F.2d 19 (2 Cir.1936), cert. den. 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398 (1936); Buffum, supra. Reaves, supra, found that the combination of branch banking and other local activities relating to the transactions leading to the suit created an implied waiver by the bank.
*468 Plaintiffs further assert that the bank is a wholly owned subsidiary of First Jersey National Corporation, a holding company with various subsidiaries operating throughout New York, Pennsylvania, and New Jersey, including Union County, and that at least one of such subsidiaries has an office in Union County. However, maintenance by a bank of a wholly owned subsidiary corporation in the forum, or vice versa, has been held not to constitute a waiver. Cf. Northside Iron & Metal Co. v. Dobson & Johnson, Inc., 480 F.2d 798, 800 (5 Cir.1973); Fisher v. First Nat'l Bank of Omaha, 338 F. Supp. 525 (S.D. Iowa 1972).
Plaintiffs' complaint alleges that defendants engaged in a conspiracy to obtain control of the Malaker Corporation by fraudulent and illegal acts including the making of false, slanderous and libelous statements concerning plaintiffs, malicious prosecution and abuse of process which resulted in the loss of valuable contracts, profits, and foreign patents and destruction of the corporations' credit and standing. They seek compensatory as well as punitive damages. In their brief plaintiffs state one of the underlying demands of the suit is the reversal and vacation of the liens placed by the bank upon the real property of the individual plaintiffs in Mountainside, Union County, by virtue of the judgments obtained in Hudson County. Plaintiffs contend this action is therefore an action in rem, a local action, and hence, not subject to the provisions of § 94. This contention is without merit.
In view of all of the foregoing, plaintiffs' action can not be maintained in Union County. However, the interests of fundamental justice mandate that the action not be dismissed but be transferred to Hudson County for trial and disposition therein. The matter is accordingly remanded to the Law Division for further proceedings not inconsistent with this opinion.