FIRST FEDERAL SAVINGS & LOAN ASSOCIATION *vs.*
MERRIMACK VALLEY NATIONAL BANK & others.

Middlesex.    April 13, 1977. — May 16, 1977.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Venue.   Practice, Civil,* Venue.   *National Bank.*

An action seeking rescission of an assignment of a note secured by a mortgage of real estate located in the Commonwealth against a national bank which had never had an office in the Commonwealth

First Federal Sav. & Loan Assn. *v*. Merrimack Valley Natl. Bank.

was not a proceeding in rem but a proceeding in personam and was, therefore, properly dismissed for failure to meet the venue requirement of 12 U.S.C. § 94 (1970). [322-323]

CIVIL ACTION commenced in the Superior Court on October 29, 1975.

A motion to dismiss was heard by *Abrams, J.*

*James F. Freeley, Jr.*, for the plaintiff.

*Francis H. Fox (Zachary R. Karol* with him) for First National City Bank of New York.

HALE, C.J.   The plaintiff brought this action seeking rescission of an assignment of a note, secured by a mortgage of real estate in Worcester and by a security agreement in certain personal property, and damages, alleging that it was induced to accept the assignment by the fraud of the defendants. The defendant First National City Bank of New York (Citibank) filed a "Motion to Quash Service and to Dismiss" pursuant to Mass.R.Civ.P. 12(b)(2)(3), 365 Mass. 755 (1974). At the request of the parties the judge acted only on the question of venue and allowed the motion. The plaintiff appealed from the judgment of dismissal which ensued. There was no error.

It appears from the record that Citibank is a national banking association with its principal place of business in New York city. It has never had a branch or office in this Commonwealth. Citibank was an eighty per cent participant in the loan evidenced by the note which is the subject of this action.

Under 12 U.S.C. § 94 (1970)[1] actions against national banks must be brought in the district in which the bank "may be established, or ... in the county or city in which said association is located...."[2] The provisions of that

---

[1] 12 U.S.C. § 94 (1970) provides: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

[2] The majority view is that a bank is located only where it is established (i.e., the county recited in its charter). See *Leonardi* v. *Chase*

statute are mandatory. *Mercantile Natl. Bank* v. *Langdeau*, 371 U. S. 555, 562 (1963). *Radzanower* v. *Touche Ross & Co.* 426 U. S. 148, 151 (1976). *Crocker* v. *Marine Natl. Bank,* 101 Mass. 240 (1869) (action dismissed for want of jurisdiction). The only exceptions are (1) actions which are local (as opposed to transitory) in nature, *Casey* v. *Adams,* 102 U. S. 66 (1880), and (2) actions in which the venue requirement has been waived. *Michigan Natl. Bank* v. *Robertson,* 372 U. S. 591, 594 (1963).

The plaintiff argues in effect that as its action concerns a mortgage of real estate and as under Massachusetts law title to real estate is held by the mortgagee, its action is "an in rem proceeding and local in nature and is, therefore, exempt from the general rule set forth in 12 U.S.C. § 94." We do not agree.

The proceeding in this case seeks a judgment against the defendants and not against the land. It is a proceeding in personam. See *Spurr* v. *Scoville,* 3 Cush. 578, 581 (1850); *Davis* v. *Parker,* 14 Allen 94, 98 (1867), affd. 79 U. S. 457 (1870). Where an action is founded on privity of estate only, it is local. An action founded on privity of contract is transitory. *Lienow* v. *Ellis,* 6 Mass. 331, 332 (1810). *Clark* v. *Scudder,* 6 Gray 122 (1856). See Currie, The Constitution and the "Transitory" Cause of Action, 73 Harv. L. Rev. 36, 66-69 (1959); Developments in the Law, State Court Jurisdiction, 73 Harv. L. Rev. 909, 980-981 (1960); James, Civil Procedure § 12.1, at 616-620 (1965). The present action being founded wholly on fraud in the inducement of a contract is transitory. Its nature is not changed merely because it relates to or arises out of a transaction involving real estate. *Rogers* v. *Barnes,*

*Natl. Bank,* 81 F. 2d.19 (2d Cir. 1936); *Buffum* v. *Chase Natl. Bank,* 192 F. 2d 58 (7th Cir. 1951), cert. den. 342 U. S. 944 (1952); *United States Natl. Bank* v. *Hill,* 434 F. 2d 1019 (9th Cir. 1970); *Helco, Inc.* v. *First Natl. City Bank,* 470 F. 2d 883 (3d Cir. 1972); *Weichert* v. *American Natl. Bank & Trust Co.* 39 App. Div. 2d 819 (N.Y. 1972). For the view that where a bank operates a branch in a county other than that of its organization charter, it is also located there, see *Holson* v. *Gosnell,* 264 S.C. 619 (1975), cert. den. 423 U. S. 1048 (1976).

169 Mass. 179, 180 (1897). "An action to recover damages for a tort is a personal action and is not local but transitory . . .." *Hanlon* v. *Leyland & Co.* 223 Mass. 438, 440 (1916). "An action based on fraud, trust, or contract is transitory, although lands not within the jurisdiction of the court may be affected by the decree. Within this principle are suits for specific performance of contracts, even though the subject of the contract is real property." 1 Moore's Federal Practice § 0.142 [2.1], at 1367 (2d ed. 1976). "A suit for cancellation of a contract relating to real property is an equitable transitory action that may be instituted before a court having jurisdiction of the parties although the realty involved is not situated within the court's territorial jurisdiction." 13 Am. Jur. 2d Cancellation of Instruments § 53, at 537 (2d ed. 1964). See also *Central Bank* v. *Superior Court*, 30 Cal. App. 3d 913, 917-918 (1973); *Laurel Crest, Inc.* v. *Superior Court*, 235 Cal. App. 2d 69, 74-75 (1965).

The judge was correct in ruling that there are no facts alleged in the plaintiff's complaint or affidavit which would warrant a finding that Citibank had waived the venue requirement of 12 U.S.C. § 94 (1970). That Citibank participated with the Merrimack Valley National Bank and certain other defendants in a loan agreement which was later assigned to the plaintiff did not constitute a waiver. "To hold that petitioner waived substantial statutory right to be sued in Alameda County solely because it made a construction loan on a building located in another county of the same state would distort the plain and mandatory language of the federal statute." *Central Bank* v. *Superior Court*, 30 Cal. App. 3d at 918.

The plaintiff now argues that the motion to dismiss should not have been considered until the plaintiff had had an opportunity to pursue discovery in the course of which it might have developed facts upon which a waiver might have been found. It does not appear from the record that the plaintiff made any request below that it be afforded such an opportunity, and this point appears to be argued

here for the first time. We decline to consider it. *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976).

*Judgment affirmed.*