**PLEASANT VIEW UTILITY DISTRICT,
Plaintiff-Appellant,**

v.

**FIRST U. S. CORPORATION et al.
[Union Planters National Bank of
Memphis], Defendant-Appellee,**

**SOUTH CHEATHAM UTILITY
DISTRICT, Plaintiff-Appellant,**

v.

**FIRST U. S. CORPORATION et al.
[Union Planters National Bank of
Memphis], Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section.

Nov. 11, 1978.

Certiorari Denied by Supreme Court
April 2, 1979.

Cecil D. Branstetter and Carrol D. Kilgore, Branstetter, Moody & Kilgore, Nashville, for plaintiff-appellant.

W. R. Baker and Robert Boak Slocum, Ashland City, for defendant-appellee.

MATHERNE, Judge.

In these companion cases the plaintiff utility districts sue First U. S. Corporation and one of its former presidents, Bill F. Sutton, alleging fraud on the part of the defendants in the manner in which the defendants arranged for the issuance of certain bonds by the plaintiffs. Later the complaint was amended to make Union Planters National Bank, as the Administrator of the estate of George L. Lennox, a party defendant. The plaintiffs allege that Lennox, as a stockholder in First U. S. Corporation, participated in the fraud and personally received bonds and supplemental interest coupons of the plaintiffs which instruments are now held by his estate. The plaintiffs seek cancellation of all bonds of the plaintiffs held as assets of the estate of Lennox.

Union Planters National Bank, Executor of the Estate of George L. Lennox, deceased, filed a motion for summary judgment for lack of venue. The chancellor treated the motion for summary judgment as a motion to dismiss for improper venue and held that "the only proper venue as to Union Planters National Bank is Shelby County." The chancellor, accordingly, dismissed the lawsuits against Union Planters National Bank and entered an order under the fourth paragraph of T.C.A. § 27–305 rendering the judgment final as to Union Planters National Bank. The plaintiff utility districts appeal that decision.

Union Planters National Bank is a national bank chartered by the Comptroller of the Currency under the provisions of the National Banking Act, 12 U.S.C. § 21, et seq. Section 94 of the Act fixes venue for lawsuits against national banks as follows:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases. R.S. § 5198; Feb. 18, 1875, c. 80, § 1, 18 Stat. 320; Mar. 3, 1911, c. 231, 36 Stat. 1167.

Union Planters' main and principal office and each of its branches are located in Shelby County, Tennessee; none are located in Cheatham County, Tennessee, and it has no employees, agents, officers or property of any kind in Cheatham County, Tennessee. The question is whether Union Planters National Bank can be subjected to suit in Cheatham County as Executor of the Estate of George L. Lennox. The complaint does not seek relief against the bank; relief is sought only against the bank as the executor of the estate of an alleged wrongdoer.

National banks may waive the protection of the venue statute. *Michigan National Bank v. Robertson*, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963). A waiver of the statute may be inferred from conduct inconsistent with the assertion of the privilege. *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir., 1973).

It is apparent that the Congress meant to limit the venue in which national banks may be sued. It is not apparent that the Congress intended to create a "national executor" of estates of deceased persons. When a national bank accepts the position of an executor of an estate, there is no sound reason why it should not be liable to suit as any other executor. The acceptance of the appointment is conduct which clearly

implies that the bank is subjecting itself to state law governing executors, and therefore it may sue and be sued in any county of otherwise proper venue on all matters arising out of that executorship. The federal venue statute is waived only to that limited extent. Compare: *Buffum v. Chase Nat. Bank of City of New York*, 192 F.2d 58 (7th Cir. 1951); *County of Okeechobee v. Florida National Bank* (1933) 112 Fla. 309, 150 So. 124; *Malaker Corp. Stock Pro. Com. v. First Jersey National Bank* (1975) 133 N.J.Super. 462, 337 A.2d 390; *Lichtenfels v. North Carolina National Bank* (1963) 260 N.C. 146, 132 S.E.2d 360, 1 A.L.R.3d 897.

The decree of the chancellor is reversed and this lawsuit is remanded to the Chancery Court sitting in Cheatham County, Tennessee for such further proceedings as the law requires. The cost in this Court is adjudged against the appellee Union Planters National Bank.

NEARN and EWELL, JJ., concur.