KENNETH SCHOTT, PLAINTIFF, v. NEIL HARTMANN, DEFEND-
ANT AND THIRD-PARTY PLAINTIFF AND RESPONDENT,
AND FRITZ DIETL AND CAROLA DIETL, HIS WIFE, DE-
FENDANTS, v. CHASE MANHATTAN BANK, N. A., THIRD-
PARTY DEFENDANT-APPELLANT, AND OTTERSTEDT
AGENCY AND THE NORTH RIVER INSURANCE COMPANY,
A CRUM & FORSTER INSURANCE COMPANY, THIRD-PARTY
DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued October 2, 1979—Decided October 22, 1979.

Before Judges SEIDMAN, MICHELS and DEVINE.

*Mr. Joseph A. Pojanowski, III* argued the cause for appellant Chase Manhattan Bank, N.A. (*Messrs. Davies, Davies, Pojanowski, Meenan & Sandberg*, attorneys).

No brief was submitted on behalf of respondent Neil Hartmann.

The opinion of the court was delivered by

MICHELS, J. A. D.

By leave granted, third-party defendant Chase Manhattan Bank (Chase) appeals from an order of the Law Division denying its motion to vacate the service of process and to dismiss the third-party complaint on the ground that it, as a national bank, may not be sued in New Jersey by virtue of the general provisions of the National Bank Act. *Rev. Stat.* § 5198 (1875), 12 *U.S.C.A.* § 94.

This action was instituted in the Law Division by plaintiff Kenneth Schott who sought to recover compensatory and punitive damages for personal injuries sustained while a patron at the Dietl Ice Skating Rink in Westwood, New Jersey. Plaintiff charged that defendant and third-party plaintiff Neil Hartmann (Hartmann), another patron at the rink, maliciously and intentionally assaulted him, causing him severe permanent injuries. Plaintiff also charged that defendants Fritz Dietl and Carola Dietl, who owned and operated the rink, were negligent in supervising and maintaining the rink and that their negligence was a proximate cause of the incident. Hartmann denied that he was under any liability to plaintiff and filed a third-party complaint against Chase and others seeking, among other relief, to be indemnified for all sums that he may be compelled to pay plaintiff as a result of the incident. Hartmann alleged that Chase, which held a mortgage on his parents' home, were he resided, negligently failed to make the required premium payments, causing his parents' homeowners' policy of insurance to either cancel or lapse. Essentially, he contends that as a result of Chase's negligence he was deprived of the liability insurance coverage for the claims asserted by plaintiff to which he would have been entitled as a resident in his parents' household had the insurance policy been in full force and effect.

Chase, a national banking association, with its principal office in New York, New York, moved to vacate the service of process

and to dismiss the third-party complaint as to it, asserting that venue was only under the general provisions of the National Bank Act. 12 *U.S.C.A.* § 94. The trial judge denied the motion, concluding that the venue provisions of the act were not mandatory and stated: "I think there are certain cases and circumstances under which the discretionary language should be applied and that's what I am going to do in this case." We disagree and reverse.

The venue provisions of the National Bank Act, 12 *U.S.C.A.* § 94, read:

> Actions and proceedings against any association under this chapter *may be* had in any district or Territorial court of the United States held within the district in which such association may be established, *or in any State, county, or municipal court in the county or city in which said association is located* having jurisdiction in similar cases. [Emphasis supplied]

It is settled beyond dispute that the venue provisions of the National Bank Act are mandatory. *Citizens & Southern Nat'l Bank v. Bougas,* 434 *U.S.* 35, 38, 98 *S.Ct.* 88, 54 *L.Ed.2d* 218 (1977); *Mercantile Nat'l Bank of Dallas v. Langeau,* 371 *U.S.* 555, 561–562, 83 *S.Ct.* 520, 9 *L.Ed.2d* 523 (1963); *Michigan Nat'l Bank v. Robertson,* 372 *U.S.* 591, 83 *S.Ct.* 914, 9 *L.Ed.2d* 961 (1963); *Malaker Corp. v. First Jersey Nat'l Bank,* 133 *N.J.Super.* 462, 465 (App.Div.1975); *Insurance Co. of N.A. v. Allied Crude Veg. Oil, etc.,* 89 *N.J.Super.* 518, 525 (Ch.Div.1965). In *Citizens & Southern Nat'l Bank v. Bougas, supra,* Justice Blackmun reaffirmed this principle, stating:

> It is now settled that the statute's provision concerning venue in state courts, despite the presence of what might be regarded as permissive language, "is not permissive, but mandatory, and, therefore, 'that national banks may be sued only in those state courts in the county where the banks are located.'" [quoting from] *National Bank v. Associates of Obstetrics,* 425 *U.S.* 460, 461, 96 *S.Ct.* 1632, 48 *L.Ed.2d* 92 (1976), quoting *Mercantile Nat. Bank v. Langdeau,* 371 *U.S.* 555, 561, 83 *S.Ct.* 520, 9 *L.Ed.2d* 523 (1963). [434 *U.S.* at 38, 98 *S.Ct.* at 90.]

While the venue provisions of the act are mandatory, they are not jurisdictional. They relate solely to venue. The privilege is personal to the bank and may be waived by implication, by conduct or untimely assertion of the venue privilege.

First Nat'l Bank of Charlotte v. Morgan, 132 *U.S.* 141, 10 *S.Ct.* 37, 33 *L.Ed.* 282 (1889); *Michigan Nat'l Bank v. Robertson, supra.* Thus, absent waiver or consent a national bank, such as Chase, may be sued only in the district in which it is established or in the state, county or municipal court in which it is located. *Radzanower v. Touche Ross & Co.,* 426 *U.S.* 148, 96 *S.Ct.* 1989, 48 *L.Ed.*2d 540 (1976).

There is nothing on the record before us to show that Chase has consented to be sued in the courts of this State or has waived in any manner the venue privilege of the statute. The mere fact that a bank may have minimal contacts in a state sufficient to confer jurisdiction under the guidelines set forth in *Hanson v. Denckla,* 357 *U.S.* 235, 78 *S.Ct.* 1228, 2 *L.Ed.*2d 1283 (1958), and *International Shoe Co. v. Washington,* 326 *U.S.* 310, 66 *S.Ct.* 154, 90 *L.Ed.* 95 (1954), does not constitute an implied waiver of the bank's immunity from suit under the venue provisions of the National Bank Act. Such a result would render meaningless the intent of Congress to have national banks subject to suit only in the courts specified in the Act. See *Staley v. Homeland, Inc.,* 368 *F.Supp.* 1344, 1348 (E.D.N.C.1974). Moreover, the fact that Chase may hold a mortgage on property located in this State as security for a loan is not sufficient to constitute waiver of the mandatory venue provisions. See *Malaker v. First Jersey Nat'l Bank, supra,* 133 *N.J.Super.* at 466–468 (App.Div.1975); *Insurance Co. of N. A. v. Allied Crude Veg. Oil, etc., supra,* 89 *N.J.Super.* at 532–533. In *Central Bank v. Superior Court,* 30 *Cal.App.*3d 913, 918, 106 *Cal.Rptr.* 696, 699 (D.Ct.App.1973), the California appellate court held: "To hold that petitioner waived a substantial statutory right to be sued in Alameda County solely because it made a construction loan on a building located in another county of the same state would distort the plain and mandatory language of the Federal statute." See also, *First Fed'l S. & L. Ass'n v. Merrimack Valley,* 5 *Mass.App.* 320, 362 *N.E.*2d 939, 942 (App.1977); *Bechtel v. Liberty Nat'l Bank,* 534 *F.*2d 1335, 1340 (9 Cir. 1976).

Accordingly, the order of the Law Division is reversed and the service of process on Chase is vacated, and the third-party complaint as to it is dismissed with prejudice.