(December 4, 1986)

■ MONTCALM PUBLISHING CORPORATION, Appellant, v ER-NEST E. PUSTORINO, Also Known as EDWARD ERNEST, et al., Defendants, and RALPH ANTONELLI, III, et al., Respondents.— Order, Supreme Court, New York County (Klein, J.), filed March 11, 1986, which referred the motion by defendants Ralph Antonelli, III and Ralph Antonelli, III, doing business as Prism Printing, to dismiss the amended complaint for lack of personal jurisdiction to a Referee to hear and report, reversed, on the law, and the motion to dismiss is denied, without costs.

Defendants Ralph Antonelli, III and Ralph Antonelli, III, doing business as Prism Printing, waived the affirmative defense of lack of personal jurisdiction due to improper service by making a preanswer motion to dismiss the fifth cause of action in plaintiff's amended complaint pursuant to CPLR 3211 (a) (5) without including their jurisdictional objection. CPLR 3211 (e) provides, in pertinent part, that: "An objection based upon a ground specified in paragraphs eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading."

The objection set forth in CPLR 3211 (a) (8) is that the court lacks jurisdiction over the person. Where jurisdiction over the person of a defendant was not properly obtained, that defendant may waive the defense by appearing and failing to plead such defense, or failing to move to dismiss on the basis of the defense. *(Competello v Giordano,* 51 NY2d 904, 905 [1980]; *Biener v Hystron Fibers,* 78 AD2d 162 [1st Dept 1980].) If a defendant makes no CPLR 3211 motion, he may include his jurisdictional defense in his answer without having waived it. (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:59, pp 62-63.) However, if a defendant makes any CPLR 3211 motion based on other subdivision (a) objections and fails to include the jurisdictional objection, he forever waives that defense. "[O]bjections of personal or rem jurisdiction * * * are deemed so fundamental that wasting the court's time on a 3211 motion based on other subdivision (a) objections without including these jurisdictional objections

waives them." (Siegel, NY Prac § 274, at 331.) A defendant may not, upon denial of the motion under CPLR 3211 which omits a jurisdictional defense, serve an answer containing the jurisdictional defense.

The defendants in the present case included the jurisdictional defense in their answer to the initial complaint. However, prior to answering the amended complaint, they made a motion, under CPLR 3211, to dismiss the amended complaint, without including the jurisdictional objection. Having thus waived the jurisdictional defense, they could neither plead it in their answer to the amended complaint nor move for summary judgment on that basis.

To support the claim that Special Term erred in failing to consider their second motion for dismissal a motion for summary judgment, defendants rely upon *Rich v Lefkovits* (56 NY2d 276 [1982]). However, *Rich* is clearly distinguishable. The defendant in that case pleaded the jurisdictional issue in his answer and then made a CPLR 3211 (a) (8) motion to dismiss based upon the jurisdictional defense, without having made any preanswer CPLR 3211 (a) motion. The court held that the defendant had not waived the jurisdictional defense and could properly make a motion based on such defense after service of his responsive pleading, but for summary judgment, not dismissal of the complaint. The court further held that the recitation of CPLR 3211 in the motion papers was a mere irregularity, and that Special Term should have notified the parties pursuant to CPLR 3211 (c) that it would consider the motion as a motion for summary judgment, rather than as one for dismissal. As discussed *supra,* the defendants in the instant case waived the right to assert the affirmative defense of lack of jurisdiction.

Finally, it has been well established in this Department that an order directing a reference to hear and report is appealable. *(See, e.g., Matter of Manufacturers Hanover Trust Co. v Postel,* 38 AD2d 808 [1st Dept 1972], citing *Matter of Cross,* 25 AD2d 645 [1st Dept 1966]; *Grand Cent. Art Galleries v Milstein,* 89 AD2d 178, 181 [1st Dept 1982].) Concur—Murphy, P. J., Sandler, Sullivan, Rosenberger and Wallach, JJ.