Neel, J.
Plaintiff, The Neiman Marcus Group, Inc. (“Neiman Marcus”), seeks specific performance of a lease and related indemnity agreement allegedly entered into by Neiman Marcus and defendant D/E Hawaii Joint Venture (“the Joint Venture”), owner of the Ala Moana Shopping Center in Honolulu, Hawaii. *513 The lease agreement provides for the construction of an addition at that shopping center for a Neiman Marcus department store. In the alternative, plaintiff seeks damages for breach of contract, intentional or negligent misrepresentations, and unfair and deceptive acts under G.L.c. 93A. Defendants[1] now move for dismissal for forum non conveniens. For the following reasons, defendants’ motions are allowed.
BACKGROUND
Neiman Marcus is a Delaware corporation, with its principal place of business in Massachusetts. The Joint Venture is a general partnership registered in Hawaii. The general partners of the Joint Venture are Daiei Hawaii Investments, Inc. (“Daiei”), a Hawaii corporation with its principal place of business in Hawaii, and Equitable Life Assurance Society of the United States (“Equitable”), a New York corporation with its principal place of business in New York. Through the Joint Venture, Daiei and Equitable own and operate the Ala Moana Shopping Center in Honolulu, Hawaii (“the Shopping Center”). Defendant General Growth Development, Inc. (“General Growth”), the managing agent for the Shopping Center, is a Delaware corporation with its principal place of business in Iowa.
In early 1988, Neiman Marcus entered into negotiations with the Joint Venture to lease space for a Neiman Marcus store in the Shopping Center. The Joint Venture was represented in negotiations by its counsel, Morrison & Foerster of San Francisco, and by Equitable, the “managing venturer.”
During the course of negotiations, Liberty House, an anchor tenant in the Shopping Center, objected to the proposed Neiman Marcus expansion, claiming that it was precluded by certain provisions in Liberty House’s lease. In February 1992, Liberty House filed a lawsuit in Hawaii state court against the Joint Venture, Daiei, and Equitable, seeking declaratory and injunctive relief prohibiting the proposed expansion.
In response to the Liberty House lawsuit, Neiman Marcus and the Joint Venture drafted an indemnity agreement under which the Joint Venture would indemnify Neiman Marcus for certain costs, expenses and damages incurred in connection with Liberty House’s claims. The parties also provided, in the draft lease, for “unavoidable delays,” addressing the possibility of a conflict between the lease agreement and the outcome of the Liberty House lawsuit. The Liberty House lawsuit is still pending in Hawaii.
In October 1992, Neiman Marcus signed a proposed lease agreement for the Shopping Center project (“the Lease”) and the separate proposed indemnity agreement. The Lease is Exhibit A to the Affidavit of Mayer Rabinowitz. Both the Lease and the indemnity agreement contain Hawaii choice of law clauses. In November 1992, the Joint Venture informed Neiman Marcus that it would not sign the Lease. Neiman Marcus subsequently brought this action.
The Lease requires, inter alia, the construction of a major addition to the Shopping Center, approximately 165,000 square feet of which would constitute premises leased to Neiman Marcus. The leased premises would comprise four floors and a utilities penthouse. Plans and specifications for the construction and improvements, and commitments by both lessor and lessee to complete that work, are made part of the Lease, rendering it a construction agreement as well. The term of the Lease is twenty years, with options to renew. Rent is calculated as a percentage of Neiman Marcus’s gross sales.
The relevant evidence and potential witnesses in this case are scattered among at least six states. The relevant documents, for the most part, are located in the San Francisco office of Morrison & Foerster, the Chestnut Hill office of Neiman Marcus, and the Honolulu offices of defendants. Potential witnesses in this case could come from several locations: the San Francisco office of Morrison & Foerster, the Atlanta or Honolulu offices of Equitable, the Des Moines office of General Growth, and the Dallas or Chestnut Hill offices of Neiman Marcus.
DISCUSSION
Under the Massachusetts forum non conveniens statute, the court may dismiss an action “(w]hen the court finds that in the interest of substantial justice the action should be heard in another forum ...” G.L.c. 223A, §5. The court may base dismissal on “any conditions that may be just.” Id. “The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.” Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1946). “A decision whether to dismiss an action under the doctrine of forum non conveniens involves the discretion of the motion judge, cannot be made by applying a universal formula, and depends greatly on the specific facts of the proceeding before the court.” W.R. Grace & Co. v. Hartford Accident & Indemnity Co., 407 Mass. 572, 577 (1990).
The United States Supreme Court has set out factors for a judge to consider in deciding whether to dismiss an action on grounds of forum non conveni-ens. Gulf Oil Corp. v. Gilbert, supra at 508-09. The Massachusetts Supreme Judicial Court has adopted this framework. See, e.g., New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 95-96 (1967); W.R. Grace & Co. v. Hartford Accident & Indemnity Co., supra, 407 Mass. at 578.
Defendants base their motions on the argument that these factors weigh in favor of dismissal. Neiman Marcus contests that analysis, and argues, correctly, that a plaintiffs choice of forum should be given due deference. Gulf Oil Corp. v. Gilbert, supra at 508. Before *514 discussing the factors relevant to forum non conveni-ens, however, the Court will address a preliminary issue, suggested in the defendant’s memoranda: whether any forum but Hawaii is available to the parties in view of the Lease’s venue provision.
Article Fifty-Three of the Lease provides as follows:
This agreement shall be governed by and construed in accordance with the laws of the State of Hawaii and the venue for any actions arising hereunder shall be the City and County of Honolulu, Hawaii.
(Emphasis added.) The imperative “shall” denotes not only the parties’ choice of Hawaii as the venue for actions such as the present one, but also a waiver of any other venue. “Venue, of course, may be waived.” Blood v. Lea, 403 Mass. 430, 435 (1988). Insofar as the plaintiff has brought this action to enforce the Lease, Neiman Marcus can hardly disclaim Article Fifty-Three of that Lease.
In Gulf Oil Corp. v. Gilbert, supra, the Supreme Court describes forum non conveniens as applicable where more than one venue, defined as “place of suit,” is available to a plaintiff: “(i]n all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them.” Id. at 506-07. Where, as in this case, the plaintiff seeks to enforce an agreement that by its terms limits the available venues for enforcement action to a single location outside of Massachusetts, that limitation alone provides a basis for dismissal separate and apart from the doctrine of forum non conveniens.
Notwithstanding the foregoing conclusion, the Court will consider the issue of forum non conveniens, inasmuch as the parties have fully briefed and argued it. See Blood v. Lea, supra at 435.
The court may consider factors of both private interest and public interest when making a forum non conveniens determination. Gulf Oil Corp. v. Gilbert, supra, at 508-09. The private factors include the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of viewing the premises at issue; the enforceability of a judgment if one is obtained; and all the other practical problems of a trial where much of the evidence lies outside the state of the sitting court. While the plaintiff may not, by choice of an inconvenient forum, harass or oppress the defendant by inflicting upon him unnecessary expense or trouble, the plaintiffs choice of forum should rarely be disturbed “unless the balance is strongly in favor of the defendant." Id. at 508.
The public factors include the administrative difficulties for a court in dealing with a case that has its origins elsewhere; the imposition of jury duty on the people of a community which has no relation to the action; the interest of deciding local controversies at home; and the desirability of having a trial in a forum that is at home with the applicable state law. Id. at 508-09. Moreover, courts should try to prevent forum shopping, duplication of effort and inconsistent judgments. W.R. Grace & Co. v. Hartford Accident & Indemnity Co., supra, 407 Mass. at 577.
I. Factors of Private Interest
Two private factors particularly relevant to the instant case are ease of access to sources of proof, and availability of witnesses.[2] Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at 508. These factors do not, however, weigh in favor of any particular state.
Sources of proof in this case are spread among several states. The majority of the documents are at the Neiman Marcus headquarters in Chestnut Hill, Massachusetts; at Morrison & Foerster’s office in San Francisco, California; and at various offices in Honolulu, Hawaii. The potential witnesses in the case also come from several states, and include Neiman Marcus representatives in Massachusetts and Texas, Morrison & Foerster representatives in California, Equitable representatives in Georgia, Hawaii, and California, and General Growth representatives in Iowa. Because the potential witnesses, like the documents, are spread among several states, this factor does not weigh in favor of one particular state.
The second relevant private factor is the availability of compulsory process for the attendance of unwilling witnesses, and the cost of attendance of willing witnesses. Id. at 508. The potential witnesses to this action are employees or representatives of the parties and will presumably be willing to attend trial. The cost of attendance will not differ materially whether the trial is held in Massachusetts or Hawaii; some witnesses for each party will have to travel regardless of where the trial is held. Therefore, as with the accessibility of sources of proof, this factor does not favor a particular state.
As noted above, a plaintiffs choice of forum should rarely be disturbed unless the private factors weigh strongly in favor of the defendant. Id. In this case, however, as also noted, Neiman Marcus’s initial choice of forum, in Article Fifty-Three of the Lease, was Hawaii.
II. Factors of Public Interest
There are three public factors relevant to this case: local interest in the case; the possibility of inconsistent judgments; and the desirability of having a judge who is familiar with the applicable law. Id. at 509; W.R. Grace & Co. v. Hartford Accident & Indemnity Co., supra, 407 Mass. at 577.[3] Although no one factor is dispositive, all three public factors favor dismissal of this action.
The first relevant public factor is local interest in the controversy. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at 509. There are certainly more Hawaii citizens *515 than Massachusetts citizens interested in whether or not the Ala Moana Shopping Center in Honolulu, Hawaii will be expanded, through a major construction project, to include a Neiman Marcus store. Despite Neiman Marcus’s corporate presence in Massachusetts, and the likely presence in Massachusetts of some Neiman Marcus shareholders, the local interest of this dispute lies in Hawaii. “In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only.” Id.
The second relevant public factor is the possibility of inconsistent judgments. W.R. Grace & Co. v. Hartford Accident & Indemnity Co., supra, 407 Mass. at 577. If Liberty House is successful in its claim to prevent the expansion of the Shopping Center, and Neiman Marcus is successful in its claim for specific enforcement of the Lease, the Joint Venture will be caught between two inconsistent judgments.[4] Neiman Marcus argues that even if it were to bring this case in Hawaii, inconsistent judgments could still result because the two cases are distinct actions. Consistent resolutions are more likely to occur, however, through consolidation or otherwise, if these two cases are handled in the same state. Therefore, this factor favors dismissal.
The third relevant public factor is the desirability of having a judge who is familiar with the applicable law. Gulf Oil Corp. v. Gilbert, supra at 509. The parties assume, for purposes of these motions, that Hawaii law will apply, inasmuch as both the Lease and the proposed indemnity agreement contain Hawaii choice of law clauses. The court does not disagree. A Hawaii court would certainly be more familiar with the applicable law than would a Massachusetts court, and therefore in a better position to decide this case. Thus, this factor also favors dismissal.
III. Equitable Considerations
A final factor, of both private and public concern, is the court’s reluctance to order equitable relief — in this case, specific performance of a major commercial construction and lease agreement — to be performed in another state. In weighing this factor, it is important to distinguish cases which consider whether a court may exercise jurisdiction over certain types of actions from cases which consider whether a court should exercise jurisdiction. Neiman Marcus correctly argues that this court has the authority to exercise jurisdiction over this action, even though the final judgment may relate to real property in another jurisdiction. First Federal Savings & Loan Assn. v. Merrimack Valley National Bank, 5 Mass.App.Ct. 320, 322-23 (1977). Because this is a transitory action, not a local action, the court need only have personal jurisdiction over the defendants.[5] Id. at 322. This principle applies equally to a suit for specific performance of a contract, even though the subject of the contract is real property. Id. at 323.
The court nevertheless concludes, in its discretion, that it is inappropriate to exercise jurisdiction in the circumstances of this case, especially when Neiman Marcus’s rights can be equally protected by a Hawaii court. Gunter v. Arlington Mills, supra, 271 Mass. 314, 317 (1930). If Neiman Marcus is successful in its claim for specific performance of the Lease, a court may have to oversee or enforce that agreement. It would be difficult for a Massachusetts judge to monitor a huge construction project in Hawaii. On the other hand, it might also be difficult for a Hawaii court, looking at the case for the first time, to decide how (or whether) to enforce a Massachusetts court’s decision. If judgment is obtained, it is likely that a Hawaii court will be enforcing the agreement; therefore, it makes sense for a Hawaii court to hear this case in the first instance. Kimball v. St. Louis & San Francisco Railway Co., 157 Mass. 7, 8-9 (1892); see Richards v. Security Mutual Life Insurance Co., 230 Mass. 320, 322 (1918); cf. Kansas Construction Co. v. Topeka Railroad, 135 Mass. 34, 36-39 (1883).
In the interest of substantial justice, the defendants’ motion to dismiss is allowed. G.L.c. 223, §5. The statute provides that the Court may dismiss the action “on any conditions that may be just.” Cf. Minnis v. Peebles, 24 Mass.App.Ct. 467, 473-74 (1987). In order that discovery effort and expense previously incurred to litigate this action not go to waste, the Court will condition dismissal on the availability of such discovery in any future action brought in Hawaii.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motions to dismiss are ALLOWED, and the action shall be dismissed without prejudice, on the following condition: all discovery heretofore taken in this action shall be available to the parties in any subsequent action brought on the same grounds in Hawaii, as though taken in that action.

 Three of the defendants, Equitable Life Assurance Society of the United States, the Joint Venture, and General Growth Development, Inc., submitted a joint motion to dismiss for forum non conveniens. Daiei Hawaii Investments, Inc. submitted a separate motion to dismiss on the same ground.

 A third private factor, the enforceability of a judgment in a foreign jurisdiction, is discussed separately below.

 An additional factor of public interest is the desirability of having an in-state court consider a request for equitable relief that affects both people and properly within the state. See separate discussion below.

Neiman Marcus refers the court to Article Forty-One of the Lease, which Neiman Marcus argues eliminates any difficulty which might be caused by inconsistent judgments. In view of the “reasonable efforts” requirement of that provision, the complexity of the two lawsuits, and the resources of the litigants, the court cannot conclude that Article Forty-One will necessarily have the predicted effect.

 Insofar as the Court allows the motions to dismiss for forum non conveniens, it takes no action on defendant Daiei’s motion to dismiss for lack of personal jurisdiction. For purposes of the present motions, the Court assumes that it has such jurisdiction.