■ MARK LUDLOW, Respondent, v DONNA LUDLOW, Appellant. [624 NYS2d 807] —Order, Supreme Court, New York County (David Saxe, J.), entered January 26, 1994, which, *inter alia,* held in abeyance defendant's motion to vacate a judgment of divorce and a prior order directing a downward modification of plaintiff's support obligation, both of which were granted upon defendant's default, pending receipt of a report from the Special Referee to hear and report with recommendations on the issues of personal jurisdiction in the divorce action, proper notice of the hearing in the downward modification application, and prejudice to defendant, if any, resulting from plaintiff's failure to serve a copy of the judgment of divorce with notice of entry and file the affidavit of service with the Clerk, unanimously affirmed, without costs.

The subject order is appealable *(see, Montcalm Publ. Corp. v Pustorino,* 125 AD2d 188, 189; *Grand Cent. Art Galleries v Milstein,* 89 AD2d 178, 181). As to the merits of the appeal, the IAS Court properly ordered a reference to hear and report where the conflicting issues raised by the motions could not be resolved on the papers alone. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GONZALO NIEVES, Appellant. [623 NYS2d 559] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J., at suppression hearing; Jay Gold, J., at trial), rendered May 11, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Under the circumstances, where an undercover officer personally bought illegal drugs from defendant and then radioed a detailed description of defendant to other officers, including the arresting officer, who canvassed the area and arrested defendant soon thereafter within a block of the crime scene, and the undercover police officers then conducted a confirmatory drive-by, probable cause existed for the arrest, and suppression of physical evidence obtained from defendant after said arrest is unwarranted *(see, People v Acevedo,* 179 AD2d 465, *lv denied* 79 NY2d 996; *People v Rivera,* 209 AD2d 151). Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.